BLACKSHEAR MANUFACTURING COMPANY, a Corporation, *Plaintiff in Error*, v. W. T. SOREY, *Defendant in Error*.

Division A.

Opinion filed April 2, 1929.

438

*James H. Finch,* for Plaintiff in Error;

No appearance for Defendant in Error.

ELLIS, J.—The Blackshear Manufacturing Company brought an action at law against W. T. Sorey in the Circuit Court for Jackson County upon a promissory note for the sum of $832.00 upon which certain payments amounting to $143.38 were alleged to have been made. The document referred to as a promissory note was attached to the declaration and made a part of it. The document consists of a promise to pay to the order of the plaintiff the sum of $832 with interest from date and a chattel mortgage to secure the debt and all other indebtedness which the maker might contract with the plaintiff for the year 1924, upon the crop of tobacco to be grown on the maker's land during the year 1924 and an agreement to pay ''20 per cent on all the aforesaid amounts'' as an attorney's fee.

The defendant pleaded payment. There were other pleas numbered two, three and four to the effect that the note was given for fertilizer to be used to make a crop of tobacco in the year 1924, which was to be delivered to the plaintiff in payment of the note. The third plea set up the defense that there was an agreement between the parties that the note should be paid by proceeds from the sale of the tobacco crop for the making of which the fertilizer was purchased by the defendant from the plaintiff. The plea avers that the crop of tobacco was made by the defendant and delivered to the plaintiff in payment of the note. The fourth plea sets up the same defense practically.

A demurrer was interposed to all the pleas, which was

overruled as to the first plea and sustained as to the second, third and fourth.

The defendant then interposed an additional plea to the effect that the plaintiff was a foreign corporation and not authorized to transact business in this State. A demurrer to that plea was overruled. The plaintiff interposed two replications to the additional plea, a demurrer to which was sustained. The record discloses that the parties went to trial ''on the issues joined between them''; that the court instructed a verdict for the defendant and judgment was entered against the plaintiff.

A motion for a new trial was overruled and the plaintiff brings the case here on writ of error.

The court erred in overruling the demurrer to the additional plea. The statute which requires a foreign corporation to comply with certain requirements before it shall be authorized to transact business in this State does not preclude a foreign corporation which has not complied with the statute from seeking the adjudication of its rights in the courts of this State which it acquired under the federal constitution or laws in interstate traffic.

The plaintiff interposed two replications to the plea alleging in the first that it was transacting business in this State before the passage of the act of 1907 Chapter 5717 and has been continuously engaged in transacting business in the State since. The second replication alleged that the transaction was in interstate commerce. A demurrer to these replications was sustained.

That ruling was error as to the second replication. The issues under which the parties went to trial therefore was payment and where the plaintiff as a foreign corporation had complied with the requirements of the statute.

The evidence was sufficient under the plea of payment for the case to have been submitted to the jury on that

issue. If the verdict was directed on the plea in abatement to the plaintiff's capacity or right to bring suit in this State it was error.

The judgment is reversed and the cause remanded for a new trial.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.