LOPEZ, AQUILINO, Jr., Associate Judge.
Plaintiff below appeals from a final decree dismissing with prejudice its complaint praying for a decree directing that the defendant tax assessor cancel and annul the 1959 Personal Property Assessment against the plaintiff’s Tangible Personal Property and that the other defendants be enjoined from collecting or attempting to collect any such tax.
The complaint alleges that plaintiff’s personal property which was the subject of assessment complained of, were imports within the meaning of Article I, Section 10, Clause 2 of the Constitution of the United States prohibiting state or local tax on imports or exports. The defendants below by answer and motion, moved to dismiss this action on the grounds that the complaint failed to state a cause of *745 action, failure to comply with Section 613.01, Florida Statutes 1959, F.S.A., and lack of jurisdiction over the subject matter or the parties hereto.
The plaintiff admitted that it is a New Jersey corporation engaged in the business of importing canned meats from Europe and reselling them in unbroken lots in the original packing cases in which they have arrived from overseas. These canned meats are consigned to plaintiff and stored in warehouses in Dade County from which they are shipped to customers after paying the United States import duties.
The defendant tax assessor, as of January 1, 1959, levied a tangible personal property tax assessment against these canned meats so stored. The plaintiff, prior to the assessment, filed with the tax assessor the 1959 storage tangible personal property tax return covering the said imported meats and claimed therein exemption from tax under the Constitution of the United States, Article I, Section 10, Clause 2.
The sole issue submitted to the lower court was the right of plaintiff to maintain this action in view that it was a foreign corporation not qualified to do business in the state of Florida and not complying with Section 613.01, Florida Statutes 1959, F.S.A.
The Supreme Court of Florida has held in the case of Schwartz v. Frango Corp., Fla. 1950, 44 So.2d 292, that compliance with the said statute was not required where the action involved an interstate transaction, but in the case at bar the question is whether the plaintiff, a foreign corporation, not qualified to do business in Florida can maintain an action to adjudicate its rights in the courts of this state, which it acquired under the Constitution of the United States. The Supreme Court of Florida in the case of Blackshear Mfg. Co. v. Sorey, 97 Fla. 437, 121 So. 103, 104, held that:
“The statute, which requires a foreign corporation to comply with certain requirements before it shall be authorized to transact business in this state, does not preclude a foreign corporation, which has not complied with the statute, from seeking the adjudication of its rights in the courts of this state, which it acquired under the federal Constitution or laws in interstate traffic.”
The Court, therefore, committed error in dismissing the complaint with prejudice.
Reversed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.