O’CONNELL, Justice.
The petitioners, hereinafter referred to as defendants, are the Tax Assessor and Tax Collector of Dade County and the Comptroller of this State. They petitioned this Court for a writ of certiorari to review that decision of the District Court of Appeal, Third District, reported in 126 So.2d 744, asserting that said decision is in conflict with the decision of this Court in Irwin v. Gilson Realty Co., Inc., 1934, 117 Fla. 394, 158 So. 77.
We issued the writ and have heard argument by the petitioners.' Respondent did not present argument before us.
Frederick B. Cooper Co., Inc., the respondent here, plaintiff below and hereinafter referred to as plaintiff, filed a suit in chancery against the defendants seeking to cancel an assessment for taxes on certain personal property made by the defendant-tax assessor and seeking to enjoin the defendant-tax collector and comptroller from attempting to collect any tax pursuant to such assessment.
*226 Plaintiff’s complaint alleged that it imported certain canned meats into Dade County from Europe and stored same in its name in the original cases in a warehouse in said county and had never exhibited or offered said meats for sale other than in the original unbroken cases; it had paid federal import duties thereon; it had made a personal property tax return on said property to the defendant-tax assessor and therein claimed that such property was exempt from taxation under the provisions of Article I, Section 10, Clause 2, United States Constitution; the tax assessor had disallowed said exemption and its protest to the County Board of Equalization had been denied; and that the tax collector and comptroller would attempt to collect the tax pursuant to such assessment unless enjoined from doing so.
To this complaint the defendants filed an answer which contained a motion to' dismiss.
Among other things the answer denied that the imported property was exempt from local taxation under the federal constitution and alleged that such property was in the mass of trade in Dade County.
Among other things the motion to dismiss asserted that the plaintiff was a foreign corporation which was not authorized to do business in Florida in that it had not complied with Sec. 613.01, F.S.A., and that under the provisions of Sec. 613.04, F.S.A. it could not maintain this suit. A certificate of the Secretary of State of Florida was attached in support of the motion to dismiss.
After a hearing the chancellor in an “Order on Pleadings”, filed Dec. 2, 1959, deferred ruling on the motion to dismiss and stayed the cause for a reasonable length of time “ * * * in order that the plaintiff, Frederick B. Cooper Co., Inc., a foreign corporation, may qualify to do business in the State of Florida * * In the recital portion of this order the court said that it had been “ * * * admitted by counsel' for plaintiff that it sells alleged imported tangible personal property within Dade County, Florida * *
Thereafter on March 1,1960, in a final decree in which he recited that plaintiff had not qualified to do business in Florida and had rather contended that it did not have to qualify in order to maintain the suit, the chancellor dismissed the complaint with prejudice.
Plaintiff appealed to the district court and in its decision above recited that court reversed the chancellor’s decree of dismissal.
In its opinion the district court said that the sole issue before the chancellor was the right of the plaintiff to maintain the suit in view of the fact that it was a foreign corporation which had not qualified to do business in this state. It then held that such a corporation “ * * * can maintain an action to adjudicate its rights in the courts of this state, which it acquired under the Constitution of the United States.” [126 So. 2d 745.] As authority for its decision the district court cited and quoted from Blackshear Mfg. Co. v. Sorey, 1929, 97 Fla. 437, 121 So. 103, 104, which case properly held that a failure of a foreign corporation to comply with the statutes of this state requiring qualification of such corporations does not preclude such corporation “ * * from seeking the adjudication of its rights in the courts of this state, which it acquired under the federal Constitution or laws in interstate traffic.”
The effect of the district court’s decision is to allow plaintiff the opportunity to prove if it can that it has a right under the federal constitution not to have the subject personal property taxed as sought to be done by the defendants.
It is plaintiff’s position that the imported canned meats are exempt from state or local property taxes under that part of Article I, Section 10, Clause 2, United States Constitution, which reads:
“No State shall, without the consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection laws * *
*227 Plaintiff cites the case of Brown v. State of Maryland, 1827, 12 Wheat. 419, 441, 6 L.Ed. 678, in support of its position. In this last cited case Chief Justice Marshall, writing for the Supreme Court of the United States, said:
“ * * * when the importer has so acted upon the thing imported, that it has become incorporated and mixed up with the mass of property in the country, it has, perhaps, lost its distinctive character as an import, and has become subject to the taxing power of the State; but while remaining the property of the importer, in his warehouse, in the original form or package in which it was imported, a tax upon it is too plainly a duty on imports to escape the prohibition in the constitution.”
Thus it appears that so long as personal property imported from a foreign country remains the property of the importer, in the original form or container in which imported, it retains its character as an import and is exempt from taxation by state or local authorities. Also see Hooven & Allison Co. v. Evatt, 1945, 324 U.S. 652, 65 S.Ct. 870, 89 L.Ed. 1252, rehearing denied 325 U.S. 892, 65 S.Ct. 1198, 89 L.Ed. 2004. And the offering of the goods for sale by the importer does not subject them to taxation by the state. Southern Pac. Co. v. City of Calexico, D.C.S.D.Cal.l923, 288 F. 634.
The case before us does not involve the question of interstate commerce or the right of the plaintiff corporation to assert its right to exemption from local taxation under the commerce clause of the federal constitution, Article I, Section 8, Clause 3.
It is not clear from the district court’s opinion whether the right which it held the plaintiff corporation to have and which it could assert in the courts of this state is derived from the commerce clause of the federal constitution or from Article I, Section 10, Clause 2, relied on by the plaintiff. The cases cited by the district court might lead a reader to the conclusion that the right asserted by plaintiff was derived from the commerce clause. Yet the facts of the case as recited in the district court’s opinion, and as reflected by the pleadings, might not be sufficient to justify its decision if the plaintiff were claiming that its property was exempt from local taxes on the ground that they were involved in interstate commerce.
As noted above imports do not necessarily become taxable by state or local government merely because they are placed in a local warehouse and offered for sale in the original containers, while under most circumstances property involved in interstate commerce becomes taxable when the interstate journey ends and it comes to rest in the state of its final destination.
When the foregoing is considered it becomes obvious that the decision of the district court is not in conflict with the decision of this court in Irwin v. Gilson Realty Co., Inc., 158 So. 77, supra, nor with any other decision of this court which we have been able to find. The Irwin case did not involve the right of a non-complying foreign corporation to adjudicate a right acquired under the federal constitution.
Rather the decision of the district court is in accord with those decisions of this court which hold that statutes such as Secs. 613.01, 613.04, Secs. 47.34, 47.35, 47.36 and 47.43 do not preclude a foreign corporation, not qualified to do business in this state, from maintaining a suit seeking adjudication of a right derived from the federal constitution. Blackshear Mfg. Co. v. Sorey, 121 So. 103, supra.
Defendants also assert that this court has jurisdiction of their petition for writ of certiorari in that the decision of the district court of appeal is one which affects a class of constitutional or state officers. Art. V, Sec. 4(2), Fla.Const., F.S.A. We have determined that this argument cannot be sustained.
*228 We must therefore conclude that we do not have jurisdiction to entertain this petition for certiorari.
We have written an opinion in this cause for the sole purpose of making it clear that the decision of the district court here under attack involved the right of a non-qualified foreign corporation to adjudicate its right under the federal constitution not to have taxed by local government personal property imported from a foreign country and stored by the importer in a warehouse in the original containers, and that the decision does not purport to adjudicate any matter pertaining to interstate commerce.
For the reasons above expressed the writ of certiorari heretofore issued is quashed.
It is to ordered.
ROBERTS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.
THOMAS, J., agrees only to denial of the writ.
HOBSON, J., agrees to conclusion.