THE CIRCULAR ADVERTISING COMPANY, A CORPORATION, *Plaintiff in Error,* v. AMERICAN MERCANTILE COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed July 1, 1913.

1. Where the transactions between parties constitute interstate commerce and are consequently not subject to burdensome State regulations, a note given as a result of such transactions is likewise not subject to burdensome State regulations.

2. Where a State cannot under the law directly discriminate

against or burden interstate commerce, it cannot do so by indirection.

3. A State cannot legally burden or destroy the ultimate rights of parties growing out of their interstate commerce dealings, at least until those rights cease to have any direct relation to the interstate transactions out of which they arose.

4. A State may not in any form or under any guise, directly burden interstate commerce or the rights proximately flowing therefrom.

5. Rights growing out of interstate commerce can not lawfully be rendered ineffectual by State action under the guise of a public regulation.

6. Where it is alleged and admitted by demurrer that the plaintiff is a foreign corporation engaged solely in interstate traffic, and does not maintain an office or place of business in the State, and that the contract upon which is predicated the note sued on involves articles prepared out of the State and shipped into the State to customers, such transactions are interstate commerce, and not subject to the provisions of Chapter 5717, Acts of 1907, requiring foreign corporations to file specified statements and to pay designated fees before such foreign corporation can transact any business in the State, and making void contracts made without complying with the statute.

7. Chapter 5717, Acts of 1907, is designed as a regulation of intrastate transactions by foreign corporations, and is not intended to apply to interstate transactions or to regulate or to burden interstate commerce, or to operate in conflict with valid Federal regulations.

Writ of error to Circuit Court of Duval County; R. M. Call, Judge.

Judgment reversed.

7—Vol. 66

*Marks, Marks & Holt,* for Plaintiff in error;

*Fleming & Fleming,* for Defendant in error.

WHITFIELD, J.—The amended declaration herein filed by the advertising company against the mercantile company is in two counts as follows:

"First Count: For that the defendant on the 29th day of June, 1911, by its promissory note now over-due, promised to pay to the plaintiff $631.33 ninety days after date, but did not pay the same. And Plaintiff claims $1,000.00 damages.

Second Count: And plaintiff further sues the defendant for that the defendant on or about the first day of July, 1911, was and became indebted to the plaintiff in the sum of $41.30, money payable by defendant to plaintiff for work done and materials furnished by the plaintiff for the defendant at its request. And Plaintiff claims $1,000.00 damages."

A copy of the note and a bill of particulars were also filed.

The following pleas were filed:

"As to the first count of said declaration, that the note therein sued upon was made by this defendant as part consideration for work done and materials furnished by the plaintiff to this defendant company; that the note was made in the State of Florida and related to property and (or) a contract or contracts affecting the liability of the plaintiff within the State of Florida, and that at the date of said note, to-wit: on the 29th day of June, A. D. 1911, every contract made by and on behalf of any foreign corporation affecting its liability or relating to property within the State of Florida, before such corporation had

filed in the office of the Secretary of State an authenticated copy of its Charter, or Articles of Incorporation, and had received from the Secretary of State a permit to transact business in this State was void on behalf of said corporation, and that on the date of said note, to-wit: June 29th, 1911, the said The Circular Advertising Company, a corporation had not complied with the laws of this State in that it had not filed in the office of the Secretary of State a duly authenticated copy of its Charter or Articles of Incorporation, and had not then received from the said Secretary of State a permit to transact business in this State, and the said note was executed in Jacksonville, Florida, where the contract and (or) liability aforesaid was entered into and incurred.

Wherefore, said note is void and unenforceable against this defendant.

And for a plea as to the second count of said declaration defendant says that the work done and materials furnished by the plaintiff, as therein alleged, was done and were furnished in pursuance of a contract (or contracts) affecting the liability of the plaintiff, and related to property within the State of Florida, and that at the date of said work being done and materials being furnished, to-wit: on or about the 1st day of July, A. D. 1911, as alleged in said declaration every contract made by or on behalf of any foreign corporation affecting its liability or relating to property within the State of Florida, before such corporation had filed in the office of the Secretary of State an authenticated copy of its Charter, or Articles of Incorporation, and had received from the Secretary of State a permit to transact business in this State was void on behalf of said corporation, and that on the date of said work being done and said materials being furnished, to-wit: on or about July 1st, 1911, the said The Circular

Advertising Company, a corporation had not complied with the laws of this State in that it had not filed in the office of the Secretary of State a duly authenticated copy of its Charter or Articles of Incorporation and had not been received from the said Secretary of State a permit to transact business in this State, and the said contract for the work done and materials furnished was made in Jacksonville, Florida, where the liability complained of was also incurred.

Wherefore, said Note is void and unenforceable against this defendant."

A demurrer to these pleas was overruled.

The following replications with others were filed:

"For second replication to the plea to the first count of the declaration plaintiff says that in stating the rule of law outlined in and by said plea, defendant is relying upon a certain Florida Statute, same being an Act to prescribe the terms and conditions upon which foreign corporations for profit may transact business within this State; and plaintiff says that since the passage and taking effect of said act it has been and now is a foreign corporation engaged solely in inter-state traffic into the State of Florida, and that it never has had or maintained an office or place of business within said State. Plaintiff further says that the contract referred to in defendant's said plea called for a series of advertising matter such as plaintiff was accustomed to prepare and sell, which plaintiff by said contract undertook to prepare outside this State and did thereafter prepare for defendant outside the State of Florida, to-wit; in the State of Ohio, and which was according to said contract and the intent and meaning of the parties thereto, to be shipped out in small quantities, and was actually shipped thereafter in small quantities, from time to time, as directed by defendant.

direct from plaintiff's place of business in Ohio to certain customers of the defandant, not only to points within the State of Florida, but also to points within other States, to-wit: North Carolina and South Carolina, so that the shipments called for by said contract and which were actually made thereunder were interstate shipments of merchandise; and plaintiff avers that the note sued upon in said first count of the declaration was given in part payment for the work done and performed and the shipments so made by plaintiff under said contract.

Wherefore, plaintiff says that it was not transacting business, or acquiring, holding or disposing of property within this State, within the meaning of Chapter 5717 (No. 122) Laws of 1907, and that it ought not to be barred, by reason of said Act, from having its action to enforce payment of said note sued upon.

For third replication to the plea to the first count of the declaration, plaintiff says that the work and materials referred to by defendant was printing and printed matter, done and performed by plaintiff at Cincinnati, Ohio, and shipped to defedant's customers in Florida and other States, pursuant to a contract originally had between plaintiff and defendant calling for said work and materials and said shipments; that thereafter defendant gave to plaintiff a certain promissory note for the sum of, to-wit: $1262.67 in part payment for said work and materials; that when said note last mentioned fell due, defendant asked plaintiff for a renewal of same in part, to which plaintiff assented, and defendant thereupon gave to plaintiff the note now sued upon herein as and for a part renewal of the note first aforesaid; plaintiff further says that the contract for work and materials as originally made has been fully performed by it and defendant has received, accepted and used the benefits thereof, and also.

given its said notes therefor without objection wherefore, it is now estopped to assert the invalidity of plaintiff's claim.

For second replication to the plea to the second count of the declaration, plaintiff says that in stating the rule of law outlined in and by said plea, defendant is relying upon a certain Florida Statute, same being an act to prescribe the terms and conditions upon which foreign corporations for profit may transact business within this State, and plaintiff says that since the passage and taking effect of said act, it has been and now is a foreign corporation engaged solely in interstate traffic into the State of Florida, and that it never has had or maintained an office or place of business within said State. Plaintiff further says that the contract referred to in defendant's said plea called for a series of advertising matter such as plaintiff was accustomed to prepare and sell, which plaintiff by said contract undertook to prepare outside this State, and did thereafter prepare for defendant outside the State of Florida to-wit: in the State of Ohio, and which was according to said contract and the intent and meaning of the parties thereto, to be shipped out in small quantities and was actually shipped thereafter in small quantities, from time to time as directed by defendant, direct from plaintiff's place of business in Ohio to certain customers of the defendant, not only to points within the State of Florida, but also to points within other States, to-wit: North Carolina and South Carolina, so that the shipments called for by said contract and which were actually made thereunder were interstate shipments of merchandise; and plaintiff avers that the work and materials sued for was done and were furnished in pursuance of the contract aforesaid, and are a part of the work and materials called for by said contract, said work being

done outside the State of Florida, wherefore plaintiff says that it was not transacting business or acquiring, holding or disposing of property within this State, within the meaning of Chapter 5717 (No. 122) Laws of 1907, and that it ought not to be barred, by reason of said act, from having its action to recover for said work and materials.

For third reprication to the plea to the second count of the declaration, plaintiff says that the work and materials referred to by defendant was printing and printed matter, done and performed by plaintiff at Cincinnati, Ohio, and shipped to defendants customers in Florida and other States, pursuant to a contract originally had between plaintiff and defendant, calling for said work and materials and said shipments; that said contract has been fully performed by plaintiff, and defendant has received, accepted and used the benefits thereof, wherefore it is now estopped to assert that plaintiff shall not recover herein the value of its work and materials."

Demurrers to these replications were sustained and the other replications were withdrawn.

After the plaintiff declined to plead further final judgment for the defendant was entered on the pleadings, and the plaintiff took writ of error.

The question presented is whether the replications are a good response to the pleas.

Sections 1 and 4 of Chapter 5717, Acts of 1907, are as follows:

"Section 1.   That no foreign corporation shall transact business or acquire, hold or dispose of property in this State until it shall have filed in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and shall have received from him a permit to transact business in this State.

Sec. 2. Requires the payment by the corporation of certain stated amounts.

Sec. 4. Every contract made by or on behalf of any foreign corporation affecting its liability or relating to property within the State before it shall have complied with the provisions of this act shall be void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

This statute is designed as a regulation of intrastate transactions by foreign corporations, and is not intended to apply to interstate transactions or to regulate or to burden interstate commerce, or to operate in conflict with valid Federal regulations. See Ulmer v. First Nat. Bank of St. Petersburg, 61 Fla. 460, 55 South. Rep. 405; Sucker State Drill Co. v. Wirtz, — N. D. —, 115 N. W. 844, 18 L. R. A. (N. S.) 134; Butler v. U. S. Rubber Co., 84 C. C. A. 167, 156 Fed. 1; I. Text Book Co. v. Gillespie, 229 Mo. 397.

The above quoted replication to the plea to the first count of the declaration alleges that the plaintiff advertising company "is a foreign corporation engaged solely in interstate traffic into the State of Florida, and that it has never had or maintained an office or place of business within said State" and also alleges in effect that the contract referred to in the defendant's plea, as being the predicate for the note sued on, involved a series of advertising matter which the plaintiff contracted to prepare and did prepare for the defendant in another State, and which matter was according to the contract with defendant actually shipped "in small quantities, from time to time, as directed by defendant, direct from plaintiff's place of business in Ohio to certain customers of the defendant, not only to points within the State of Florida, but also to points in other States, to-wit: North Carolina and South Carolina, so that the shipments called for by

said contract and which were actually made thereunder were interstate shipments of merchandise." These allegations of fact are admitted by the demurrer and clearly show that the transactions upon which the note sued on is predicated, are matters of interstate commerce. See 19 Cyc. 1228, 1275. If the transactions between the parties constitute interstate commerce and are consequently not subject to burdensome provisions of the statute of the State regulating transactions of foreign corporations in the State, certainly the note given as a result of these transactions is germane to and an incident of the interstate commerce, and is likewise not subject to the burdens of State regulations; for if the State cannot under the law directly discriminate against or burden interstate commerce, it cannot do so by indirection. The State can not legally burden or destroy the ultimate rights of parties growing out of their interstate commerce dealings, at least until those rights cease to have any direct relation to the interstate transactions out of which they arose. The State may not in any form or under any guise, directly burden interstate commerce or the rights proximately flowing therefrom. See International Textbook Co. v. Pigg. 217 U. S. 91, 18 Ann. Cas. 1103, 30 Sup. Ct. Rep. 481; 27 L. R. A. (N. S.) 493. Buck Stove and Range Co. v. Vickers, 226 U. S. 205, Sup. Ct. Rep. —; Simpson v. Shepard, 230 U. S. 352, — Sup. Ct. Rep —; F. A. Patrick & Co. v. Deschamp, 145 Wis. 224, 129 N. W. Rep. 1096; Padgett v. Lewis, 54 Fla. 177, 45 South. Rep. 29. See Ann. Cas. 1912 A. 554, 157 S. W. 585. Rights growing out of interstate commerce can not lawfully be rendered ineffectual by State action under the guise of a public regulation. No question of morals or of public health or safety are involved. In David Lupton, &c. v. Automobile &c.,

225 U. S. 489, the statute affected the forum not the rights of a foreign corporation.

These observations apply to the other replications and render it unnecessary to discuss further the detailed contentions of the parties.

The judgment is reversed.

SHACKLEFORD, C. J. AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.