AMERICAN MERCANTILE COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE CIRCULAR ADVERTISING COMPANY, A CORPORATION, *Defendant in Error*.

Opinion filed April 12, 1916.

1. Where a party resident in one State sends an agent into another State and there through the agent makes a contract with a party resident in such other State relating to a matter of regular business, such as the making and sale of a marketable article not forbidden in commerce, which contract contemplates the actual transportation of such article from the State where made directly to the purchaser or his customers or patrons in another State, such a transaction may be regarded as interstate commerce, particularly where a portion of the subject matter of the agreement has pursuant to the contract actually been transported in interstate commerce.

2. The right to demand and enforce payment for goods sold in interstate commerce is directly connected with, and essential to, such commerce and the imposition of unreasonable conditions on such right operates as a burden and restraint upon interstate commerce.

3. Where the evidence clearly shows a right of recovery in the plaintiff and there is no evidence to sustain a verdict for the defendant, a verdict for the plaintiff may be directed.

Writ of Error to Circuit Court, Duval County; Geo. Cooper Gibbs, Judge.

Judgment affirmed.

*Fleming & Fleming,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in Error.

PER CURIAM.—On a former writ of error herein it was held that the court erred in sustaining demurrers to the replications in the cause since they showed that the subject matter of the action was a part of a transaction of interstate commerce, which was not subject to the provisions of Chapter 5717 Acts of 1907 set up as a defense requiring foreign corporations to file in the office of Secretary of State a duly authenticated copy of their charters and to receive from such officer a permit to transact business in this State, before such foreign corporations shall transact business or acquire, hold or dispose of property in this State, and providing that every contract made by or on behalf of any foreign corporation affecting its liability or relating to property within the State before complying with the statute shall be void on behalf of the foreign corporation and its assigns, but shall be enforceable against it or them. Circular Advertising Co. v. American Mercantile Co., 66 Fla. 96, 63 South. Rep. 3; Sections 2682a and 2682d Compiled Laws of 1914. The first count is on a promissory note for $631.33 and

the second count is for $41.30 as money payable for work and materials furnished.

After the reversal of the former judgment the trial court re-instated the replications and ordered the defendant to plead thereto in ten days "else the facts therein set forth shall be deemed to be denied." The latter part of the order could not have harmed the defendant. He could have pleaded in ten days under the order, or on a proper showing could have obtained further time to plead. The defendant went to trial without pleading to the replications and the plaintiff had the burden of proof on the issues tendered by the replications, which issues were impliedly accepted by the defendant. Under these circumstances the defendant cannot justly complain of the order as made by the court.

The defendant filed additional pleas to the first count averring that the note sued on was for goods not shipped, but not setting up matters to show that the note was not a part of a business contract that contemplated interstate shipments, or to show that no part of the subject-matter of the contract was actually transported in interstate commerce pursuant to the contract the basis of the note sued on. These pleas were held insufficient on demurrer. The defendant pleaded never was indebted and want of jurisdiction as to the second count. If the first count is good, the court had jurisdiction. See Georgia, F. & A. R. Co. v. Andrews, 61 Fla. 246, 54 South. Rep. 461. There was judgment on a directed verdict for the plaintiff and the defendant took writ of error.

It appears that a contract was made in Florida by the plaintiff, a foreign corporation, through an agent with the defendant corporation, providing for the making or preparation by the plaintiff in the State of Ohio of stated articles as advertising matter which were to be

shipped from Ohio direct to the defendant or its patrons in this and other States; that a large part if not all of the articles were shipped by interstate transportation pursuant to the contract; that a. note was given for a portion of the articles covered by the contract; that the note was paid in part and a renewal note, the one sued on in this case, was given for the unpaid balance of the first note; that the $41.30 money payable for work and material furnished the defendant was a part of the above stated interstate transaction.

Where a party resident in one State sends an agent into another State and there through the agent makes a contract with a party resident in such other State relating to a matter of regular business, such as the making and sale of a marketable article not forbidden in commerce, which contract contemplates the actual transportation of such article from the State where made directly to the purchaser or his customers or patrons in another State, such a transaction may be regarded as interstate commerce, particularly where a portion of the subject matter of the agreement has pursuant to the contract actually been transported in interstate commerce. See International Text-Book Co. v. Pigg, 217 U. S. 91, 30 Sup. Ct. Rep. 481.

The right to demand and enforce payment for goods sold in interstate commerce is directly connected with, and essential to, such commerce, and the imposition of unreasonable conditions on such right operates as a burden and restraint upon interstate commerce. Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. Rep. 57. Circular Advertising Co. v. American Mercantile Co., 66 Fla. 96, 63 South. Rep. 3.

In view of the above established principles of law there was no error in overruling demurrers to the men-

tioned pleas.  Likewise it was not error at the trial to refuse an amendment to the first plea to the first count, which amendment sought to set up that the note was "in renewal of a previous note," the renewal note being a part of the interstate commerce transaction.

The objections to evidence submitted by the plaintiff have been considered.  No substantial error is found, and a discussion of the assignments based on such objections is not necessary.

As the testimony for the plaintiff clearly shows the transaction was one of interstate commerce, and the indebtedness unpaid, and as the testimony for the defendant was uncertain and not sufficient to sustain a verdict for the defendant, there was no error in directing a verdict for the plaintiff corporation which successfully carried the burden of proof on the issues presented.

Affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.