MERGENTHALER LINOTYPE COMPANY v. RALPH K. GORE.

160 So. 481.
Division A.
Opinion Filed March 25, 1935.

*Troy C. Musselwhite* and *Maguire & Voorhis,* for Plaintiff in Error;

*Wells & Hall* and *J. W. Hunter,* for Defendant in Error.

WHITFIELD, C. J.—In an action of replevin brought by Mergenthaler Linotype Company, a corporation under the laws of New York, against Ralph K. Gore, it was in effect stipulated that judgment be entered upon the facts as stipulated, which in substance are as follows:

"1.  Plaintiff, Mergenthaler Linotype Company, * * * is and has been continuously since October 1, 1922, a corporation organized and existing under the laws of the State of New York, with its office and place of business in New York City, engaged in the manufacture and sale in interstate commerce of linotype machines.

"2.  Ralph K. Gore, the defendant, * * * is and has been continuously since 1922 a citizen and resident of Lake County, Florida.

"3.  John Walter Bell, during 1922 and 1923, was a citizen and resident of Lake County, Florida.

"4.  Arthur Pierce Vaughn during 1923 was a citizen and resident of Lake County, Florida.

"5.  On or about October 10, 1922, and continuously thereafter until filing of suit herein George C. Keller resided in Lake County, Florida, and was canvasser in the

State of Florida for the purpose of procuring orders for plaintiff herein, and procured from the said John Walter Bell an order for certain equipment owned by plaintiff and which equipment was then located in New Orleans, Louisiana; and the memorandum then and there executed by the said John Walter Bell and the said George C. Keller expressly provided that said memorandum became 'an agreement binding the parties' thereto 'upon and only upon its acceptance by' plaintiff 'at the City of New York by the signatures of its authorized officers with the seal of the Company attached'; and thereafter, on October 21, 1922, the same was accepted by plaintiff at the City of New York by the signatures of its authorized officers, * * * with the seal of the Company attached, * * *; that in and by said memorandum it was agreed that title to said property should remain in plaintiff until the purchase price with interest should be fully paid, and in case of default in any of the terms of said contract, the plaintiff should have the right to take immediate possession of said property.

"6. Pursuant to the aforesaid memorandum, a formal conditional sale agreement was executed by the said John Walter Bell at Tavares, Florida, on Oct. 31, 1922, and was executed on behalf of the said Mergenthaler Linotype Company at New York City, N. Y., on Nov. 9, 1922, * * *.

"7. In accordance with said conditional sale agreement, the said John Walter Bell executed and delivered to plaintiff a certain promissory note (with others) for $1,400, * * * and there remains unpaid of the said purchase price the principal sum of $1,175 with interest thereon at the rate of 6% per annum from April 14, 1926, and insurance premium of $41.04 paid by plaintiff (the last payment having been made Nov. 14, 1932, and credited thereon).

"8. Subsequent to the execution of said retain title

agreements, the plaintiff, by common carrier, shipped from its New Orleans, La., agency, the equipment described in said agreements, to the said John Walter Bell at Tavares, Lake County Florida; and since the arrival of said shipment in Tavares, Lake County, Florida, in November, 1922, the same has been continuously in Lake County, Florida.

"9. On or about Feb. 10, 1923, the said John Walter Bell transferred his interest in said equipment and delivered possession thereof to Arthur Pierce Vaughn, and the said Arthur Pierce Vaughn executed a certain assumption agreement and mailed the same to plaintiff at New York City; * * *

"10. On or about Nov. 16, 1923, the said Arthur Pierce Vaughn transferred his interest in said equipment and delivered possession thereof to the defendant, Ralph K. Gore, and the said Ralph K. Gore executed a certain assumption agreement and mailed the same to plaintiff at New York City; * * *

"11. At the time of institution of suit herein, to-wit: December 27, 1932, the defendant was in default under the terms of said conditional sale agreement; and the said property described in the aforesaid conditional sale agreement and assumptions thereof was in the possession of defendant herein at the time of institution of this suit, and is the same property described in the declaration and writ of replevin herein; and said property was, after levy by the Sheriff, released to defendant upon forthcoming bond, in the amount of $2,000 executed by Ralph K. Gore as principal and T. J. Coyle, Jr., and George M. Sechler as sureties.

"12. The plaintiff, Mergenthaler Linotype Company, a corporation organized and existing under the laws of the State of New York, has never qualified to do business in the State of Florida, and has never filed reports with or

paid charter tax to Secretary of State of the State of Florida as required by Florida statute for corporations doing business in the State of Florida.

"13. Subsequent to February 10, 1923, no attempt to collect from the said Bell was made by plaintiff; and subsequent to November 16, 1923, no attempt was made by plaintiff to collect from the said Vaughn."

The court rendered the following:

## "FINAL JUDGMENT.

"This cause came on for hearing this day for trial of the issues herein by the Court, a jury having been waived and written stipulation having been filed before the Court by counsel for the respective parties, and after argument of counsel for plaintiff and defendant, and the Court finding that the goods described in plaintiff's declaration and the conditional sales agreement, dated October 31, 1922, attached to said stipulation, were shipped by Mergenthaler. Linotype Company, a corporation organized and existing under the laws of the State of New York, from its agency in New Orleans, State of Louisiana, to Tavares, Lake County, Florida, and that said goods are now and continuously since November, 1922, have been in Tavares, Lake County, Florida, and said goods were in Tavares, Lake County, Florida, at the time of the transfer and delivery thereof by John Walter Bell to Arthur Pierce Vaughn and the execution by the said Arthur Pierce Vaughn of the assumption agreement dated February 10, 1923, attached to said stipulation, and said goods were in Tavares, Lake County, Florida, on November 16, 1923, prior to and at the time of the transfer and delivery thereof by Arthur Pierce Vaughn to the defendant, Ralph K. Gore, and the execution by the said Ralph K. Gore of the assumption agreement attached to said stipulation; and the Court being

of the opinion that said transactions between Bell and Vaughn and between Vaughn and Gore constituted separate transactions from the original interstate sale and shipment from plaintiff to Bell; and the Court being of the opinion that no interstate shipment or interstate commerce was involved in said assumption transactions, and that the action abates because of failure of plaintiff to qualify to do business in the State of Florida; and the Court being advised in the premises;

"It is Considered, Ordered and Adjudged that said action abate and the declaration and writ herein be and the same are hereby quashed."

The contract in this case was made by a resident agent of the plaintiff corporation with a resident of Florida, for the purchase from the foreign corporation of manufactured articles to be shipped to the purchaser in Florida from another State, the title to remain in the seller with a right in the seller upon default in payment to retake the property.

This was an interstate commerce transaction and the seller's right to enforce the sale contract remains even though the buyer's possession and rights be transferred to successive assignees with the knowledge of the seller. The fact that the foreign seller's agent is a resident of Florida does not alter the seller's rights under the interstate transaction; nor does the fact that the foreign seller did not pursue its contract rights until after the buyer's possession and contract rights had been transferred more than once, affect the rights of the seller under his sale contract, though notice of each transfer was mailed to the seller in another State, in the absence of agreement, estoppel, waiver or abandonment.

The controlling law does not require foreign corporations to qualify to do business in the State before it can enforce

in the courts of the State its rights under a contract involving an interstate sale and delivery of personal property. Circular Adv. Co. v. Am. Mer. Co., 66 Fla. 96, 63 So. 3; Am. Mercantile Co. v. Circular Adv. Co., 71 Fla. 522, 71 So. 607; Mergenthaler Linotype Co. v. Spokesman Publishing Co., 270 Pac. 519; Palmer v. Aeolian Co., 46 Fed. (2nd) 746.

Reversed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.