STEVENS-DAVIS COMPANY v. OTTO F. STOCK.

193 So. 745
Division A
Opinion Filed February 9, 1940

*John A. H. Murphree,* for Plaintiff in Error;

*Douglas & Schad* and *Ira J. Carter, Jr.,* for Defendant in Error.

Per Curiam.—Plaintiff in error, plaintiff below, brought suit against Otto F. Stock on a contract whereby defendant agreed to purchase "Illustrated Route Selling." It was alleged in the declaration that payments were to have been on a monthly basis and that defendant had failed to pay a single installment, although all goods had been delivered.

Judgment by default for failure to appear was obtained against defendant on August 2, 1938. On September 5, defendant filed motion to vacate default judgment alleging that by pure mistake and misunderstanding of counsel and their stenographer who failed to file their appearance, the default was allowed. The motion was granted with only very short notice being given to plaintiff of the hearing thereon.

The opening of a default judgment is usually in the sound discretion of the trial judge, and where it appears that such discretion has not been abused, and where Section 4287 (2621) C. G. L. has been substantially complied with, this Court will not interfere. Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 So. 239; State Bank of Eau Gallie v. Raymond, *et ux.,* 103 Fla. 649, 138 So. 40.

Defendant filed motion to dismiss alleging that plaintiff was a foreign corporation doing business in this State without first having complied with the provisions of Chapter 14677, Acts of 1931, as amended by Chapter 15726, Acts of 1931, Extra Session, providing, *inter alia,* for the payment to the State of a license tax before the corporation may engage in business or institute legal proceedings in this

State. The motion was granted, and judgment dismissing the cause entered and the propriety of the court's ruling thereon is now being questioned here.

It appears from the declaration that the domicile of plaintiff corporation was in Illinois; that the offer was made by plaintiff through a traveling representative, but the contract did not become final and binding until accepted by plaintiff in Chicago. Plaintiff contends that inasmuch as it is a foreign corporation engaged in interstate commerce, compliance with the statute is not a condition precedent to maintaining suit in this State. In considering an early statute to the same effect as the ones now under discussion, this Court, in Circular Advertising Co. v. American Mercantile Co., 66 Fla. 96, 63 So. 3, where there was a foreign corporation contracting with persons in this State to print and deliver circular advertisements to them in small quantities, held that "the State may not, in any form or under any guise, directly burden interstate commerce or the rights proximately flowing therefrom." See also Mergenthaler Linotype Co. v. Gore, 118 Fla. 889, 160 So. 481, where this Court, in holding that a foreign corporation unlicensed to do business in this State, executing a conditional sales agreement providing for shipment of property from another State into this State was entitled to replevy property on default, where interstate commerce was involved, said:

"The controlling law does not require foreign corporations to qualify to do business in the State before it can enforce in the courts of the State its rights under a contract involving an interstate sale and delivery of personal property."

The transaction between Stock and plaintiff being an interstate one, it is not necessary that the corporation comply

with Chapter 14677, Acts of 1931, and Chapter 15726, Acts of 1931, Extra Session, as a condition precedent to instituting legal proceedings in this State.

Defendant contends that in order for plaintiff to maintain the suit it is necessary that it allege in the declaration the reason for non-compliance with the statute. This same question was raised in Farrell v. Forrest Inv. Co., 73 Fla. 191, 74 Sou. 216, 1 A. L. R. 25, and it was there held that where the defendant desires to raise the question of a foreign corporation's right to maintain a suit in this State, the defense should be specifically made, and it is therefore not necessary that plaintiff should set forth its reasons for non-compliance in his declaration.

The judgment is reversed and the cause remanded to the circuit court for further proceedings in accordance with this opinion.

So ordered.

TERRELL, C. J., and BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to conclusion.

WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.