PER CURIAM.
This interlocutory appeal is from an order quashing service of process in a common-law suit. The attempted service was pursuant to § 47.16 Fla.Stat., F.S.A. and § 47.30 Fla.Stat., F.S.A.
The complaint is based upon an alleged breach of an employment contract. The defendant, appellee, is a Bahamian corporation with its principle place of business in Freeport, Grand Bahama. The business of the defendant is the ownership and operation of the Lucayan Beach Hotel in the Bahamas.
Discovery disclosed that in South Florida the defendant utilized the services of an advertising firm which carried on an extensive advertising program. The defendant maintained an apartment in Miami Beach where it entertained travel agents for the purpose of producing business through their offices. It further maintained an office in Palm Beach, Florida to which general business correspondence could be addressed and would be answered. No further use of this office was established.
The determinative question is whether the appellee was, “engaging] in, or carrying] on a business or business venture in the state,” within the meaning of § 47.16(1) Fla. Stat., F.S.A. This phrase has been given a broad application by the Supreme Court of Florida. See State ex rel. Weber v. Register, Fla.1953, 67 So.2d 619. This construction has been followed by the District Courts of Appeal. See Oxby v. Zmustowski, Fla.App.1961, 128 So.2d 186; Continental Copper & Steel Industries v. “Red” Cornelius, Fla.App.1958, 104 So.2d 40; Woodring v. Crown Engineering Co., Fla.App.1962, 141 So.2d 816; Steel Joist Institute, Inc. v. J. H. Mann III, Inc., Fla.App.1965, 171 So.2d 625 [opinion filed 1/22/65.]
 It is true that the mere solicitation of business is not sufficient to subject a foreign corporation to substituted service of process. Green v. Chicago Burlington and Quincy R. R., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. In accord MacInnes v. Fontainebleau Hotel Corporation, 257 F.2d 832 (2nd Cir.1958). However, we hold that this record goes beyond the mere solicitation of business through an agent and shows actual business activity carried on in this State even though that business *262 was mainly directed toward the procurement of customers for its hotel. Because of this fact this case is within the ambit of the cases first cited. Accordingly, the order quashing service is reversed.
Reversed.