SHANNON, Judge.
The plaintiff-appellant obtained a default judgment against the garnishee-appellee. Subsequently the default judgment was vacated and this appeal ensued.
The writ of garnishment was served upon the garnishee bank on August 27, 1963, and, no answer having been filed, a default judgment for $8,362.00 was entered against the bank on September 18, 1963. This same day, September 18, a writ of scire facias was issued and this was served on the bank on September 23, 1963. On the same day the bank was served the writ of scire facias, the bank moved to set aside the default judgment and the writ of scire facias and also filed an answer to the writ of garnishment, alleging that it was indebted to the defendant only in the amount of $81.23. The court entered an order vacating the default judgment and the writ of scire facias, and the plaintiff appealed.
After hearing testimony by the parties the court found the facts to be as follows. The writ of garnishment was served on the bank on August 29, 1963, and two days later was turned over to the vice-president whose duty it was to answer writs of this nature. On September 7, 1963, this vice-president was suddenly hospitalized without prior warning, and he remained there until October 5, 1963, during which time he was prohibited by his doctor from transacting any business.
The appellant relies on the case of Seven-Up Bottling Company of Miami v. J. N. Rawleigh Co., Fla.App.1963, 156 So.2d 180, 181, in which this court affirmed the trial court’s refusal to allow the' garnishee to raise the defense of no debt in response to the writ of scire facias. The court relied on the well-established rule that defenses available to the original writ of garnishment are not available in response to the writ of scire facias, and that only defenses which have arisen after creation of the original record may at this time be urged. See cases cited in the Seven-Up case, supra.
The present case is distinguishable from the Seven-Up case, because the garnishee, in response to the writ of scire facias, has asserted the facts regarding the sudden hospitalization of the bank’s vice-president. These facts occurred subsequently to the issuing of the writ of garnishment and thus the doctrine of the Seven-Up case does not apply.
Appellant also contends that the trial judge abused his discretion in vacating the default judgment. We do not agree. Judge Kanner stated in Evans v. Hydeman, Fla.App.1964, 168 So.2d 183:
“We turn now to the question of whether or not the trial judge abused his discretion in rendering the vacating order. The established rule in Florida, either as to the opening of defaults or the vacating of judgments, is that these are matters of judicial discretion and that, in case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application for such a procedure so as to permit determination of the controversy upon the merits. North Shore Hospital, Inc. v. Barber, supra [Fla. 1962, 143 So.2d 849] ; Coggin v. Barfield, 1942, 150 Fla. 551, 8 So.2d 9; Stevens-Davis Co. v. Stock, 1940, 141 Fla. 714, 193 So. 745.”
Affirmed.
SMITH, C. J., and ALLEN, J., concur.