190 So.2d 183 (1966)
Eric J. BRADBERY, Appellant,
v.
FRANK L. SAVAGE, INC., Appellee.
No. 406.
District Court of Appeal of Florida. Fourth District.
September 2, 1966.
Harry A. Gaines, of Fields & Gaines, Fort Lauderdale, for appellant.
Edward J. Marko, Fort Lauderdale, for appellee.
SMITH, Chief Judge.
Interlocutory appeal was taken from an order entered in law granting defendant's motion to dismiss for lack of jurisdiction over the defendant. This action arose out of an alleged breach of an employment contract between the plaintiff, Eric J. Bradbery, *184 a Florida resident, and the defendant, Frank L. Savage, Inc., a New York corporation not authorized to do business in Florida.
Bradbery was a salesman for the defendant corporation. His employment ceased on or about December 31, 1964. His territory included Alabama, Georgia, South Carolina, North Carolina, Tennessee, Mississippi and Florida. In his complaint Bradbery sought to recover certain commissions owed him from his sales for the corporate defendant in Florida and other states in his territory. Process was served upon the defendant corporation by serving Maurice J. Granfield, Jr., who succeeded Bradbery as salesman for the defendant. Substitute service was made also upon the secretary of state pursuant to F.S.A. § 47.16.
Defendant moved to dismiss on the ground that the court lacked jurisdiction of the defendant because the service of process was invalid. At the hearing the parties submitted proofs in the form of affidavits and testimony by the plaintiff. The trial court entered an order dismissing the complaint for lack of jurisdiction over the defendant.
Granfield denied being "an agent" for defendant corporation but he stated in his affidavit that his activities on behalf of the defendant corporation consisted of introducing and exhibiting to customers samples of merchandise, soliciting orders for such merchandise, and forwarding such orders to the office of the defendant in New York City for acceptance and shipment by it.
Bradbery filed affidavits by certain customers of the defendant corporation in Florida which alleged that the defendant engaged in or carried on a business or business venture in Florida by selling wearing apparel to various retail business establishments throughout Florida and by maintaining and operating a local business office in Broward County, the address of which was on the business cards of the salesmen and at which merchandise was displayed and orders by mail or telephone were received. The affidavit of Frank L. Savage as president of Frank L. Savage, Inc. denied these allegations, stating "that Frank L. Savage, Inc. * * * did not at any time since its organization in 1945 maintain an office in the State of Florida."
The issue of jurisdiction over a foreign corporation is twofold, the first being whether the exercise of jurisdiction by the court of Florida offends the due process requirement of the Fourteenth Amendment to the United States Constitution. The facts here clearly establish minimum contacts within this state so that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. This is particularly true when it is recalled that Bradbery's territory included the state of Florida where he earned a part of the commissions which he seeks to recover and none of his territory included the state of organization of the defendant corporation. For that reason the facts here support the maintenance of the suit in Florida and to a greater extent than did the facts in Simari v. Illinois Central Railroad Company, Fla.App. 1965, 179 So.2d 220, where the First District Court of Appeal in a scholarly opinion by Judge Carroll clearly set forth the evolution of the law on that subject.
Florida Statute § 47.17(5), F.S.A. provides that process against any foreign corporation may be served (in the event the foreign corporation has none of the prior enumerated officers or agents within this state) "upon any agent transacting business for it in this state." The corporate defendant's salesman, Granfield, was its agent transacting business for it in this state within the meaning of that statute. In addition to the facts already detailed it is noted that he was employed exclusively by the defendant, he displayed the merchandise of the defendant, he received a salary plus commissions, he solicited and received orders and forwarded the orders *185 to the defendant in New York. His activities constituted transacting business for the defendant in the State of Florida. Simari v. Illinois Central Railroad Company, supra, and Zirin v. Charles Pfizer and Co., Inc., Fla. 1961, 128 So.2d 594.
In the order appealed the court found "the Defendant was not that type of corporation referred to in Sections 47.34 and 47.35 of the Florida Statutes [F.S.A.] and therefore that service of process under Section 47.171 of the Florida Statutes [F.S.A.] would not be applicable to this Defendant." On appeal plaintiff asserts that this is tantamount to a holding that because the defendant foreign corporation had never qualified to transact business in this state it cannot be said that it failed to comply with the provision of law that was applicable only to foreign corporations qualified to transact business in this state. Plaintiff correctly points out that this exact same argument was presented and rejected by the supreme court in Zirin v. Charles Pfizer and Co., Inc., supra. On the other hand the defendant asserts that the foregoing quoted portion of the order had the effect of holding that the defendant was not engaged in or carrying on a business or business venture in the State of Florida. We need not determine which meaning the court intended to convey. In Zirin, supra, the court held that section 47.171 is not restricted in its application to foreign corporations duly qualified to do business in Florida after fully exploring the contention that its terms were restricted to foreign corporations qualified to do business in Florida. That decision further determined that section 47.171 was intended to apply only to obligations or causes of action which arose out of the activities of the defendant foreign corporation in the State of Florida. The record here establishes that the cause of action sued upon was one which arose in part, at least, out of the activities of the defendant foreign corporation in the State of Florida. The process was served upon its agent transacting business for it in Florida.
The defendant foreign corporation did accept the privilege extended by law to nonresidents to operate, conduct, engage in or carry on a business or business venture in the State of Florida, and it did have an office or agency in the state. Therefore, pursuant to the provisions of F.S.A. § 47.16 its said actions are deemed equivalent to its appointment of the secretary of state as its agent upon whom service of process directed to it may be served in any action arising out of any transaction or operation connected with or incidental to such business or business venture. Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816, and State ex rel. Guardian Credit Indemnity Corp. v. Harrison, Fla. 1954, 74 So.2d 371. This suit arose in part, at least, as an incident to its business or business venture in the state. The service upon the secretary of state was made in accordance with the requirements of § 47.30 F.S.A., and, although the foreign corporation had an agent transacting business for it in this state as set forth in § 47.17(5) F.S.A., it did not have a resident agent in the state, and therefore, the exclusion of the operation of § 47.16 in the event a foreign corporation has a resident agent in the state is not applicable.
The terms "agent transacting business for it in this state", § 47.17(5) F.S.A., "business agent, resident in the State", § 47.17(4) F.S.A., and "a resident agent in the state", § 47.16(1) F.S.A., are entirely different. The latter refers to the person that the corporation has designated to maintain its office or place of business for the service of process and upon whom service may be made pursuant to § 47.37 F.S.A. The statutes requiring such designation are § 608.32(1) (c) and § 608.38.
The provisions for service of process set forth in § 47.17 are specifically made cumulative to all existing laws. Process was properly served upon the defendant under that section and under § 47.171. Having so concluded, it necessarily follows that the resort to constructive service upon the secretary of state pursuant to § 47.16 F.S.A. *186 was unauthorized. Constructive service is constitutionally predicated upon a finding that personal service could not be effected. The court has jurisdiction of the defendant. The order dismissing the cause is reversed.