PEARSON, Judge.
The appellant, McGraw-Hill, Inc. was garnishee in the trial court where a default judgment was entered against it. This appeal is from a final judgment in garnishment for the amount of garnishor’s claim. The question presented is whether or not the court erred in refusing to set aside the default. We hold that the trial court abused the discretion vested in it and reverse.
The appellee, Southern Industrial Savings Bank, filed a complaint in the Civil Court of Record in Dade County against Robert L. Ellington and Patricia R. Ellington. During the pendency of the action against the Ellingtons an affidavit in garnishment naming “F. W. Dodge Co., Div. of McGraw Hill, Inc.” as garnishee, was filed. A writ of garnishment was issued December 5, 1966. The writ was returned by the sheriff with the following endorsed thereon: “Received this writ on the 30th day of November 1966 and served the same on F. W. Dodge Co., Div. of McGraw-Hill, Inc. * * * by delivering a true copy * * * to Mrs. A. Keith, Gen. Mgr. in the absence of Pres., V Pres, Cash., Treas., Sec and all other heads.” On December 8, the Clerk received and filed a letter upon the letterhead of McGraw-Hill, Inc. Except for salutation it is as follows:
“In answer to the writ of garnishment served upon us, we are indebted to the defendant, Patricia R. Ellington, in the amount of $41.20 as of December 1, 1966, the date of service.
“We are indebted to the said defendant for the amount of $10.30 for the time between the date of service and this date of answer.
“We are holding the net amount of $51.50 until further proceedings, per your instructions.”
Thereafter, on December 30 the garnishor filed a motion for judgment by default. On the same day the Judge entered judgment against garnishee as follows:
“ORDERED AND ADJUDGED:
Judgment by Default be and the same is hereby entered in this cause in favor of the Plaintiff against the Garnishee, F. W. DODGE CO. DIV OF McGRAW-HILL., in the sum of THREE THOUSAND DOLLARS ($3,000.00).”
A writ of scire facias was issued, and it was returned on January 24, 1967, showing service upon the resident agent of the corporation in Jacksonville, Florida. On January 31 the appellant filed its motion entitled “motion to quash writ of garnishment and *518 writ of scire facias.” This motion contained six grounds, all of which are without merit except the third and fourth grounds which are as follows:
“3. That as appears in the annexed affidavit of ROBERT PATTERSON, sworn to on January 30, 1967, the service of said writ of garnishment was not made upon an officer, director or general manager of McGraw-Hill, Inc., or upon a business agent of the corporation.
“4. That the default judgment against the garnishee dated December 30, 1966, and recorded in Minute Book 178, page 428, of the records of this Court, was improperly entered.”
The motion was accompanied by an affidavit of Robert Patterson who represented that he was the general manager of the F. W. Dodge Co. Division for the offices in Miami, Florida and that Mrs. A. Keith was employed in his office in a clerical capacity. In addition, there was filed an affidavit of John J. Cook, who alleged that he was the Secretary of McGraw-Hill Inc.; and that if service of the writ of garnishment had been made on an authorized person, it would have been sent to his office and would have been given proper attention. In this affidavit he identifies the Richard N. Butler who signed the letter filed in the record on December 8, 1966, as a personnel management advisor employed by the F. W. Dodge Company Div. of McGraw-Hill, Inc. On February 28, 1967, the trial court denied garnishee’s motion and on March 2, entered the final judgment which is here appealed.
The rule with respect to remedying defaults in actions generally, is applicable to garnishment proceedings. Pennsylvania Thresh. & F. Mut. Cas. Ins. Co. v. Barrett, Fla.App.1965, 174 So.2d 417. The established rule in Florida is that in case of reasonable doubt, where there has been no trial upon the merits, the discretion of the trial court is usually exercised in favor of granting the procedure so as to permit a determination upon the merits. Evans v. Hydeman, Fla.App.1964, 168 So.2d 183. A motion to set aside a default judgment against a garnishee for failure to file an answer to the writ of garnishment may be made in response to the writ of scire facias, and should be granted, where the default was due to excusable neglect. Terrazzo & Marble Supply Co. v. Columbia Bank, Fla.App.1965, 173 So.2d 475.
We have carefully reviewed the record and it is our conclusion that any neglect in failing to properly answer the writ of garnishment was shown to be inadvertent and excusable.
Reversed and remanded.