## WATERMAN BIC-PEN CORPORATION V. MANNCRAFT EXHIBITORS SERVICE, Inc.

### No. 67-1820

Civil Court of Record, Dade County.

April 25, 1968.

Erwin L. Langbein, West Palm Beach and Frank J. O'Connor of O'Connor, Gordon & Breuel, Miami, for plaintiff.

Fuller & Feingold, Miami Beach, for defendant.

JOHN R. BLANTON, Judge.

Plaintiff, a New York corporation, brought this action against the defendant, a Florida corporation, to recover damages for alleged negligence in dismantling and reerecting plaintiff's display booth at a trade convention held at a Miami Beach hotel.

Defendant moves on notice to stay this action under F.S. §§47.43 and 613.04 on the ground that plaintiff is doing business in Florida, but has failed to qualify under the Florida corporation laws.

As alleged in the complaint, plaintiff had a display booth for its articles at a trade convention held in Florida. Defendant's

discovery in support of its motion by way of deposition and written interrogatories, also establishes that plaintiff has salesmen and promotional employees based in Florida and that it places its advertising material with local newspapers and television stations. However, the discovery further establishes that plaintiff's actual sales are by interstate shipment from its Connecticut plant to Florida wholesalers or chain stores.

Nevertheless, defendant urges that plaintiff corporation must be treated as doing business within the meaning of foreign corporation stay statutes F.S. §§47.43 and 613.04 because its promotional activities in Florida in aid of its interstate sales would render it amenable to Florida process under F.S. §47.16 if it were sued here as a defendant, citing in support thereof Bradbery v. Frank L. Savage, Inc., 190 So.2d 183 (4th DCA); Illinois Central R. Co. v. Simari, 191 So.2d 427 (Sup. Ct.). This contention lacks merit because the Supreme Court of Florida has uniformly held in construing the Florida corporation laws and the predecessor stay statutes that they may not constitutionally be applied to bar the Florida courts to a non-Florida corporation whose sales are all interstate, however extensive the intrastate activity in promoting or making the interstate sales may be. Circular Adv. Co. v. Am. Mercantile Co., 63 So. 3; Am. Mercantile Co. v. Circular Adv. Co., 71 So. 607; Mergenthaler Linotype Co. v. Gore, 160 So. 481; Crockin v. Boston Store, Inc., 188 So. 853; Stevens-Davis Co. v. Stock, 193 So. 745; and Schwartz v. Frango Corp., 44 So.2d 292. Accordingly, defendant's motion should be denied.

For its part, plaintiff filed objections to defendant's "Further Interrogatories" numbered 22, 23 and 24. These interrogatories seek to elicit details of dates of TV advertising over a Miami station, and whether the advertising appeared simultaneously on a national network. Because the above-cited cases establish, as heretofore noted, that local promotion of interstate sales does not require a foreign corporation to qualify under Florida corporation laws, answers to the interrogatories would be immaterial.

It is therefore ordered and adjudged that defendant's motion to stay is denied, that plaintiff's objections to interrogatories 22, 23 and 24 are sustained; and it is further ordered that defendant shall plead to the complaint within fifteen days from the date of this order.