ALLEN, Acting Chief Judge.
Plaintiff-appellant files this appeal from a final order abating appellant’s cause of action on a Motion in Abatement brought by defendant-appellee.
On January 14, 1966, appellee executed, as maker, three trade acceptances, in the amount of $324.00 each, to The Life-Aid Corporation of Cherry Hill, New Jersey, as payee, for goods purchased by appellee. The Life-Aid Corporation, hereinafter called Life-Aid, neither at the time of the execution nor at the time of this litigation *904 was qualified to do business in the State of Florida under Chapter 613, Fla.Stats., F.S. A. Life-Aid was not made a party to this action.
Life-Aid subsequently negotiated these three trade acceptances in Philadelphia, Pennsylvania, for good and valuable consideration and without notice of any defects to appellant, Belair Associates, Inc.
The appellant, a Pennsylvania corporation, is engaged in the business of financing corporations by the purchase of accounts receivable, trade acceptances, etc. Appellant does not transact any business in the State of Florida and is not qualified to do business in Florida.
On July 18, 1967, appellant made written demand upon appellee for payment of the three negotiable instruments in question. Appellee responded denying any liability on the instruments because of a failure of consideration. Appellant then filed its Statement of Claim in the court below. Appellee responded with its Motion to Dismiss and a hearing was held on October 24, 1967.
In appellee’s Motion to Dismiss, one paragraph states:
“Plaintiff does not allege compliance with Chapter 613 of Florida Statutes and is therefore precluded from maintaining this action pursuant to the terms of Chapter 613.04, Florida Statutes.”
The court below deferred ruling on the motion until it could be ascertained as to whether or not Life-Aid was qualified to do business within the State of Florida. After it was determined that Life-Aid was not qualified, another hearing was held on November 14, 1967. At this hearing, the trial court treated appellee’s Motion to Dismiss as a Motion in Abatement. The court below ruled that Life-Aid must be qualified before this suit could be maintained, and that it would not even be sufficient if appellant were to qualify in Florida. The trial court issued an order dated November 30, 1967, giving appellant sixty days to see that Life-Aid did qualify pursuant to Chapter 613, Florida Statutes, F.S.A. Appellant was to file an amended complaint stating that Life-Aid was qualified to do business in Florida.
On January 25, 1968, the appellant informed the court that it was unable to locate the officers of Life-Aid and therefore could not get it to qualify. The trial court then entered its final order abating appellant’s cause of action on the ground that Life-Aid did not qualify pursuant to Chapter 613, Fla.Stats., F.S.A., and therefore, pursuant to § 613.04, Fla.Stats., F.S.A., appellant could not maintain this action.
Appellant brings this appeal from that ruling and order of the court below stating that § 613.04 is applicable to this action.
Appellant asks the question: Is Florida Statutes § 613.04, F.S.A., applicable to this case which involved an interstate transaction and where appellant conducted no business in Florida in violation of Chapter 613?
After reviewing the record-on-appeal and without benefit of oral argument from the parties, we must answer the question stated above in the negative. We so find and reverse the order of the trial court.
The order of the court below in effect said that since appellant was unable to get Life-Aid to qualify, pursuant to § 613.04, the appellant could not maintain the suit. The right to maintain the action must rest upon Life-Aid being qualified to do business in Florida and without it the suit must fail.
First, we must determine if Life-Aid would have had to qualify under § 613.04 if it had brought the original action against appellee. To do this we must look at the original transaction between Life-Aid and appellee to determine if it was an interstate transaction.
The trade acceptances executed by the appellee in favor of Life-Aid were in exchange for goods purchased from Life-Aid by appellee. An instance of a New Jersey *905 corporation doing business with a Florida corporation and goods moving in interstate commerce from New Jersey to Florida. This could clearly be called an interstate transaction as opposed to an intrastate transaction.
In Circular Advertising Co. v. American Mercantile Co., (1913) 66 Fla. 96, 63 So. 3, the Supreme Court construed the 1907 statute, from which § 613.04 is derived, by stating:
“This statute is designed as a regulation of intrastate transactions by foreign corporations, and is not intended to apply to interstate transactions, or to regulate or burden interstate commerce, or to operate in conflict with valid federal regulations. * * * ”
This suit would also be an action to collect a debt for goods sold if it were brought by Life-Aid. The trade acceptances were given for goods purchased. The debt due on the goods purchased would still be owed by appellee to Life-Aid. This would also be true even though appellant, instead of Life-Aid, is bringing this action.
Section 613.04 was construed in Rubin v. Kapell, Fla.App. 1958, 105 So.2d 28, as not being applicable to suits for collection of debts due a foreign corporation for goods sold. Associate Judge Anderson states in his opinion:
“The first point involved on appeal is that the plaintiff’s assignor was a foreign corporation which had never complied with Chapter 613, Fla.Stat., F.S.A. The specific statute invoked is 613.04. It provides:
“ ‘613.04 Can not maintain action until provisions complied with. — The failure of any such foreign corporation to comply with the provisions of this chapter shall not affect the validity of any contract with such foreign corporation, but no action shall be maintained or recovery had in any of the courts of this state by any such corporation, or its successors or assigns, so long as such foreign corporation fails to comply with the provisions of this chapter.’
“This section • has been held by the Supreme Court of Florida not to apply to single transactions nor to the collection by a foreign corporation of debts due it for goods sold or otherwise contracted, or its action in adjusting or compromising such debts or acceptance within the state of evidence of such debts or of security therefor. Crockin v. Boston Store of Ft. Myers, 137 Fla. 853, 188 So. 853. This is conclusive of the point. It will be observed that the statute provides that it shall not affect the validity of any contract of such foreign corporation, but no action shall be maintained on it as long as it failed to comply with its provisions. Further, in view of the fact that it is alleged and admitted that the Frances K. Powell Corporation has been dissolved, it is difficult to see how it could ever comply with the statute even if it were otherwise applicable.”
The transaction in the instant case could also be considered a single transaction involving Life-Aid and appellee. There is an implication from the record that Life-Aid no longer exists as a corporation and therefore could not comply if it had to.
Therefore, for three separate reasons:
1. This was an interstate transaction;
2. This was a suit for debts due a foreign corporation for goods sold;
3. This was a single transaction;
we must hold that § 613.04 is not applicable to the case sub judice and that Life-Aid does not have to qualify. Since Life-Aid would not have to comply with § 613.-04 and it could maintain the suit, reason and logic support the conclusion that the appellant must be allowed to maintain the suit.
We therefore must and do quash the order of the court below granting appellee’s *906 Motion in Abatement and holding that § 613.04, Fla.Stats., F.S.A., does apply. We remand this case back to the trial court with directions to allow the appellant to proceed to trial on the original complaint.
The appellant presented two other points on appeal but we do not find it necessary to consider those arguments for the proper disposition of this appeal.
Reversed and remanded.
HOBSON and MANN, JJ-, concur.