PER CURIAM.
This is an appeal by plaintiff below from an order setting aside a default judgment and writ of scire facias against appellee-garnishee. The order appealed states:
“1. It is the finding of this Court that the Plaintiff, GENERAL FINANCE CORPORATION OF FLORIDA, a Delaware corporation, served a Writ of Garnishment upon NORTHSIDE BANK OF MIAMI, Garnishee, on the 21st day of July, 1967. The said Garnishment was served upon an inferior officer without the Sheriff’s return showing the absence of superior officers from the County of Dade, State of Florida; that said inferi- or officer was not authorized to accept service, and failed to forward it to Bank’s counsel for answer, all of which was contrary to instructions given by superior officers at a prior time.
“2. It is a further finding of fact that on the 25th day of August, 1967, the Plaintiff herein obtained a Judgment by default, and on the 28th day of August, 1967, the Clerk of the above Court issued a Writ of Scire Facias, which was served *918 upon the Garnishee herein on the 29th day of August, 1967; that said Writ of Scire Facias directed a response from the Garnishee within ten (10) days from service thereof, and that upon the same day of service of said Writ of Scire Facias, the Garnishee filed its Motion to Abate, and to Set Aside Default and Judgment, being heard this date.
“3. Based upon the well recognized and established principal that notice, of impending proceedings is essential to due process of law, and based upon uncon-tradicted testimony that the bank had no notice of the Writ of Garnishment until after the period of time in which to answer had expired, although said lack of notice was through the neglect of their own employee, and further, based upon the fact that the Garnishee has not had an opportunity to be heard upon the merits of its defense and/or claim, as the case may be, and based upon the case of Northshore Hospital, Inc. vs. Barber [Fla.], 143 So.2d, 849, and the case of Terrazzo and Marble" Supply Co. vs. Columbia Bank of Ybor City, Florida, (Fla.App.) 173 So.2d 475, and other cases submitted in argument by counsel, Plaintiff’s Motion to Strike the Motion of the Garnishee be, and the same is hereby denied, and the Garnishee’s Motion to Abate this cause for lack of Jurisdiction of the person be, and the same is hereby granted, and it is further
“ORDERED and ADJUDGED that the Default and Judgment entered in the above cause against NORTHSIDE BANK OF MIAMI and the Writ of Scire Facias be, and the same are set aside and of no further effect or force.”
We have carefully considered the points on appeal in the light of the record, briefs and argument of counsel and have concluded that no reversible error has been demonstrated. F. W. Dodge Co. Division of McGraw-Hill, Inc. v. Southern Industrial Savings Bank, Fla.App.1968, 207 So.2d 516.
Affirmed.