PER CURIAM.
This is an interlocutory appeal from an order quashing substituted service made upon certain defendants, for want of jurisdiction over the person.
Decorator Services Ltd., a Bahamian corporation, filed an action against 4th Dimension Interiors, Inc., a Florida corporation, seeking recovery of $2,494 alleged to be due and payable on a certain account. The defendant answered, and with leave of court filed a third party complaint against Exchange Group Bahamas Ltd., a Bahamian corporation, Tiffany Furniture Industries, Inc., a Florida corporation, and Robert Bluck, a non-resident, who was the president of Exchange Group Bahamas Ltd. Personal service was obtained on the Florida corporation. Substituted service was made on the two non-resident defendants to the third party complaint, as provided for under § 48.161 Fla.Stat., F.S.A., on the ground of their having availed themselves of the privilege “to operate, conduct, engage in, or carry on a business or business venture” in this state. § 48.181 Fla.Stat., F.S.A. Said non-residents moved to quash the service. The motion was granted, and this appeal followed.
In the order entered by the trial court it was found and recited that the third party plaintiff’s president (Morrison) met *572 m the Bahamas with Bluck and there “discussed his, Morrison, obtaining certain furniture for the third party defendant Exchange Group Bahamas Ltd.” The order further recited:
“That the Third Party Defendant, Robert Bluck, met with the president of the Third Party Plaintiff in Miami on December 22, 1969, at which time the two individuals went to various suppliers where the Third Party Defendant, Robert Bluck, selected certain items of personalty to be shipped to the Bahamas for use in the apartment building owned in the Bahamas by the Third Party Defendant, Exchange Group Bahamas Ltd.
“That after making these visits, the two individuals returned to the International Airport Hotel where the Third Party Defendant, Robert Bluck, executed those documents marked Third Party Plaintiffs Cumulative Exhibit A.”[1]
As a ground for granting the motion to quash substituted service, the order of the trial court stated:
‘ That there was not the required minimal contact in the State of Florida by the Third Party Defendant, Exchange Group Bahamas Ltd., and Robert Bluck, to authorize the use of substituted service in that neither of the Third Party Defendants were engaged in a business venture within the State of Florida.”
We are unable to agree with that conclusion of the trial court. It was sufficiently disclosed that the Bahamian corporation was the actual purchaser of the merchandise, and that the third party plaintiff was acting on behalf of the Bahamian corporation in the acquisition thereof. The Bahamian corporation supplied the money to pay for the purchases, the money was delivered to the sellers by the third party plaintiff and thereupon the merchandise was shipped to the Bahamian corporation in Freeport. As previously noted, the Bahamian corporation, through its president, Bluck, actively participated in the purchases in Dade County. Bearing on the question of doing business in Florida, in addition to the making of those extensive purchases here, there was evidence confirming the allegation of the amended third party complaint that the Bahamian corporation had engaged in the practice of soliciting tenants for its Freeport apartments through the use of local agents and by distribution of brochures in Florida.
By the amended third party complaint, 4th Dimension was seeking to recover $3,140.91 alleged to be its agreed compensation for such services. The substituted service, in the circumstances disclosed, was proper under the statutory and decision law relating to the subject. See Lake v. Lucayan Beach Hotel Co., Fla.App.1965, 172 So.2d 260; Bradbery v. Frank L. Savage, Inc., Fla.App.1966, 190 So.2d 183; DeVaney v. Rumsch, Fla.1969, 228 So.2d 904.
For the reasons assigned, the order quashing service is reversed.

. The evidence before the trial court on the motion to quash disclosed the purchases were reflected by four invoices, covering purchase of more than a thousand items having an aggregate cost of over $30,000.