PER CURIAM.
Miami National Bank appeals from an adverse final default judgment entered in a garnishment action in favor of Barnett Bank of Miami and an order denying motion to set aside the default judgment contending inter alia the trial court erred in refusing to set aside the default judgment under Fla.R.Civ.P. 1.500(d), 1.540(b) on the *523 ground of excusable neglect. We agree and reverse.
Miami National Bank filed an answer one day late containing a meritorious defense to a writ of garnishment served on it by Barnett Bank of Miami. The late filing of the answer was occasioned by the termination of Miami National Bank’s vice-president who was authorized to review writs of garnishment and execute answers and the consequent time involved in re-assigning his duties to another person at the bank. Such a showing constitutes excusable neglect under Fla.R.Civ.P. 1.500(d), 1.540(d) sufficient to set aside the default judgment. Terrazzo and Marble Supply Co. v. Columbia Bank of Ybor City, 173 So.2d 475 (Fla.2d DCA 1965).
The default judgment and the order denying the motion to set aside the default judgment are reversed and the cause remanded for further proceedings.
Reversed and remanded.