F. G. McMullen, *et ux.,* v. Inland Realty Corp.

152 So. 740.
Opinion Filed January 9, 1933.

*Baxter Goodlet* and *G. P. Garrett,* for Appellants;
*Notingham & Denison,* for Appellee.

DAVIS, J.—J. I. Kellums and wife executed a mortgage to one Charles W. Rinehart. Rinehart assigned it to Inland Realty Corporation, a Maryland corporation. The assignee, without undertaking to qualify as a foreign corporation authorized to do business in Florida, brought a suit to foreclose, based upon its being the assignee of the mortgage. The Kellums had previously conveyed the legal title to the property to F. C. McMullen, who thereupon assumed and agreed to pay the mortgage. So the foreclosure suit was accordingly brought against the Kellums, as the original mortgagors, and against McMullen as holder of the legal title under the original mortgagor's deed.

The only defense to the foreclosure was interposed by McMullen, who filed an answer. In this answer he asserted that Inland Realty Corporation was not a *bona fide* assignee for value from Rinehart—that Rinehart had made a pretended assignment of his mortgage and that this had been done by him merely for the purpose of defeating a valid setoff which McMullen would have been entitled to plead against Rinehart, as mortgagee, had he sued in his own name. The answer also questioned the authority of the Inland Realty Corporation as an unqualified foreign corporation, to maintain the suit.

The chancellor struck the material paragraphs of the answer relied on to defeat the foreclosure, and likewise struck the paragraphs undertaking to assert a cross claim. The appeal is from the final decree of foreclosure thereafter entered.

The answer alleged that at the time the suit was instituted F. G. McMullen was entitled to a setoff against Charles W. Rinehart, the original mortgagee, in the amount of

$4,000.00; that after McMullen had acquired title to the property from the original mortgagor, of which fact Rinehart was fully advised, that Rinehart thereafter dealt with McMullen as the primary debtor and agreed by a written instrument to extend payment of the mortgage debt for a period of one year; that the assignment of the mortgage to complainant, Inland Realty Corporation, by Charles W. Rinehart, the original mortgagee, was after maturity and without consideration; that the assignment was a fraudulent one and was not intended to, and did not actually transfer, the title to or ownership of the note and mortgage and was made solely for the purpose of avoiding McMullen's counterclaim.

The setoff itself consisted of a claim that Rinehart became indebted to McMullen for moneys received by Rinehart from him to apply on a certain indebtedness due by McMullen to Rinehart in the sum of $10,000.00, which the said Rinehart did not apply on said indebtedness, but, on the contrary, applied to his own use without the knowledge, consent, approval or ratification of McMullen whereby said Charles R. Rinehart had become indebted to McMullen for money had and received by him in the sum of $4,000.00.

At the time this suit was determined in the court below, Section 4906, C. G. L., 3120 R. G. S., provided that an answer in chancery should state in short and simple form any counterclaim arising out of the transaction which was the subject matter of the suit. The statute also provided that the defendant might, without cross bill, set out any setoff or counterclaim against the plaintiff which would be the subject of an independent suit in equity against him and that such setoff or counterclaim so set up should have the same effect as a cross suit so as to enable the court to

pronounce a final judgment in the same suit, both on the original and cross claims.

The alleged setoff attempted to be asserted in this case consisted only of a legal demand for money had and received upon which the opposite party had the right to demand and have a trial by jury. Such demand was not the subject of an independent suit in equity against Rinehart, the original mortgagee, or against his assignee, Inland Realty Corporation. Such alleged setoff had no connection whatsoever, so far as it appears from the answer, with any transaction connected with the mortgage attempted to be foreclosed. On the contrary, it appears that the demand attempted to be set off was entirely a separate transaction between Rinehart and McMullen, entirely legal in its nature and in no wise germane to the claim of the complainant arising under the mortgage which was foreclosed. The court was therefore without error in eliminating the attempted setoff from consideration, assuming that for the purposes of the case it may be held that McMullen was entitled to any right of setoff against Inland Realty Corporation that he would have been entitled to assert against the assignor. Lovett v. Lovett, 93 Fla. 611, 112 Sou. Rep. 768; Turner v. Utley, 93 Fla. 910, 112 Sou. Rep. 837; Norris v. Eikenbury, 103 Fla. 104, 137 Sou. Rep. 128; Day v. Weadock, decided at the present term.

The answer further alleged that the complainant corporation had never qualified under the provisions of Sections 6026, 6028 and 6029, C. G. L., 4095, 4097 and 4098, R. G. S. Section 6029, C. G. L., *supra,* provides that no action shall be maintained, or recovery had in any of the courts of this State by any foreign corporation, or its successors or assigns, *so long as* such foreign corporation fails to comply with the provisions of the Florida statute re-

quiring a foreign corporation to file in the office of the Secretary of State a duly authenticated copy of its charter, or articles of incorporation, before it shall begin to transact business, or acquire, hold, or dispose of property in this State.

In the case at bar, it appears that Inland Realty Corporation was a foreign corporation organized under the laws of Maryland; that it had never complied with, or attempted to comply with, the foreign corporation laws of this State. The allegations of the answer in this respect were sufficient to show this fact and were not denied by the complainant.

The effect of our statutes relating to qualification of foreign corporations, when applicable, is to *suspend* the right of foreign corporations to maintain suits in the courts of Florida so long as such foreign corporations shall fail and refuse to comply with the laws of this State which require them to file in the office of Secretary of State an authenticated copy of their charters, together with payment of the fees incident thereto. And the fact that the statute does not defeat the right to institute a suit without first showing compliance with the law (Farrell v. Forest Investment Co., 73 Fla. 191, 74 Sou. Rep. 216) has never been held to defeat an objection on this ground when affirmatively raised in an appropriate pleading by the defendant.

A majority of the Court are of the opinion that Section 4098, R. G. S., 6029 C. G. L., applies only to corporations which have violated Section 4095, R. G. S., 6026 C. G. L., and to suits or actions based upon contracts or obligations resulting from its transactions in disregard of the statutes relating to foreign corporations transacting business, or acquiring, holding or disposing of property in this State.

A majority of the Court are also of the opinion that the allegations of the defendant's answer attempting to raise the

objection that complainant foreign corporation was not entitled to maintain the suit because it had not qualified under Sections 6026, 6028 and 6029, C. G. L., *supra,* are not sufficient to show that the Inland Realty Corporation, complainant, had violated any provision of Section 4095, R. G. S., 6026, C. G. L., in bringing the suit it did, as assignee of the Rinehart mortgage. Therefore, the chancellor committed no error in striking those portions of the defendant's answer which undertook to raise an objection under the foreign corporation statute, to the maintenance of the suit by Inland Realty Corporation on the ground that it had not qualified in this State under said foreign corporation laws.

Whether or not the acquisition by a foreign corporation by assignment of a real estate mortgage *recorded* in this State, amounts to a violation of the provision of the statute which provides that "no foreign corporation shall * * * acquire, hold or dispose of property in this State until it shall file in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and shall have received from him a permit to transact business in this State," is a question not required to be decided on the present record, and is therefore reserved for future consideration should it hereafter be made necessary to determine it.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

BUFORD, C. J., and WHITFIELD and TERRELL, J. J., concur.

BROWN, J., concurs specially.

ELLIS, J., dissents.

BROWN, J. (concurring specially in the opinion of Mr. Justice DAVIS).—I hardly think that this Court would be authorized to reverse the decree of the court below. In the

first place, in my opinion, the allegations of the answer do not set out facts which show that McMullen had a good claim of setoff against Rinehart. The strongest statement of the defendant, McMullen, as to the character of this alleged setoff is contained in paragraph 11 of the answer, which was stricken. This paragraph alleges that at the time of the institution of this suit the complainant Rinehart was indebted to McMullen in the sum of $4,000.00, plus interest, on January 19, 1927, "for monies received by Charles W. Rinehart from said F. G. McMullen on said day to apply on a certain indebtedness due by G. G. McMullen to Charles W. Rinehart in the amount of $10,000.00, which the said Rinehart did not apply on said indebtedness, but, on the contrary, applied to his own use, without the knowledge, consent, approval or ratification of the said F. G. McMullen, and the said Charles W. Rinehart did not return same although he has often promised to do so. Whereby the said Charles W. Rinehart then and there became and was indebted to the said F. G. McMullen for money had and received by the said Charles W. Rinehart, for the use of said F. G. McMullen in the amount of $4,000.00, plus interest at 8% per annum on said amount from January 19, 1927."

It will be noted that this paragraph does not directly allege that at the time Rinehart received said monies from McMullen, the latter specifically directed the application of said payment on said "certain indebtedness" of $10,000.00, nor is the character of said indebtedness alleged, nor is it made to appear that Rinehart had no legal right to retain the money thus paid, and use the same as he saw fit, in spite of the fact that he may not have credited and applied the same in reduction of the $10,000.00 debt.

It is a well recognized rule that money voluntarily paid

under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered back, and this is true even though the claim thus paid was illegal; the theory of the law being that if a party would resist an unjust demand, he must do so at the threshold, and such resistance should precede payment. 21 R. C. L., 141, 143. Furthermore, if a debtor does direct the application of payment, while the duty is thereby imposed on the creditor to apply the money as directed, or return it to the debtor, yet if he fails to return it, it is regarded by law as having been applied as directed, no matter how the creditor in fact applied it. 21 R. C. L. 88, 89. Now, this answer admits that McMullen was indebted to Rinehart in the sum of $10,000.00 and paid him $4,000.00. If the answer be sufficient to show that McMullen directed the application of this payment to the "certain indebtedness of $10,000.00" which he acknowledges owing Rinehart, he could not recover back the $4,000.00 thus paid, even though Rinehart did not credit it on the paricular debt, because the law itself would make the application, and if Rinehart ever sued McMullen on that debt, by operation of law, the $4,000.00 would be credited on said debt. So I do not think the answer sets up a good claim of setoff, even though the principles of equitable setoff, as enunciated in the opinion of Mr. Justice ELLIS, be admitted. See in this connection 24 R. C. L. 792-854.

I am also seriously doubtful of appellants contention that the Inland Realty Corporation had been shown by the answer to have violated Section 6026, C. G. L., by acquiring, holding or disposing of property *in this State,* without having qualified to do business therein as required by said section. Undoubtedly, if the Inland Realty Corporation, being a foreign corporation, not qualified under Section

6026, C. G. L., had *acquired in this State* property located in this State, or even a lien thereon, it could not (Section 6029, C. G. L.) maintain an action in any of the courts of this State, so long as it failed to comply with such provisions of Section 6026, but for aught that appears in the specific averments of the answer, the Inland Realty Corporation may have acquired the mortgage in question and received the assignment of the same in Maryland, the State of its creation. The assignment of the mortgage, a copy of which is attached to the bill and introduced in evidence, does not show where it was executed. It is true that the acknowledgment, which was taken about six months later, was made before a notary public in St. Lucie County, Florida, but this is not conclusive as to the place of execution and delivery of the assignment itself. The bill does not allege that the assignment was executed or delivered in Florida. Neither does Section 17 of the answer so allege. The answer merely alleges that the transaction by which Inland Realty Corporation acquired the interest of Charles W. Rinehart in the note and mortgage was forbidden by the statute, 6026 C. G. L. This is a mere conclusion of the pleader. Such being the case, I am inclined to the view that the mere allegation of an assignment of the note and mortgage by a citizen of Florida to a foreign corporation is not *per se* an allegation of a violation of Section 6026, unless it is further alleged that the assignment was executed and delivered in this State. See 14-A C. J., page 1302, citing (in note 7) O'Reilly Co. v. Green, 41 N. Y. S. 1056. See also 14-A C. J., page 1308, Section 4113. I am free to confess, however, that this is a rather close and difficult question. But I am inclined to think that it was not the intention of Section 6029 to close the doors of the courts of this State to a foreign corporation which has violated no law of this

State and which had a valid demand otherwise enforceable here. If, for instance, a citizen of Florida walks into the office of a New York or Maryland corporation and sells and assigns to them a mortgage on Florida property, this would not, in my judgment, violate Section 6026 nor prevent such corporation from enforcing such mortgage in our courts by reason of Section 6029. If such corporation sends an agent into Florida, and while in this State such agent bought and took an assignment of a Florida note and mortgage, this transaction would amount to acquiring property in this State within the meaning of the statute, and the corporation would have to pay the fees and file the papers required by Section 6026 before it could maintain a suit in our courts to enforce such note and mortgage.

For the reasons above stated, I cannot see my way clear to reverse the final decree on the ground that the chancellor erred in striking certain portions of the answer, and therefore concur in the affirmance of the decree appealed from.

DAVIS, J., concurs.

BUFORD, C. J. (concurring specially).—It appears to me that Section 4098, R. G. S., 6029 C. G. L., applies only to corporations which have violated Section 4095 R. G. S., 6026 C. G. L., and to suits or actions based upon contracts or obligations resulting from its transactions in disregard of that section. I do not construe Section 4098, R. G. S., 6029 C. G. L., to close the doors of the courts of this State to a foreign corporation which has violated no law of this State and which has a valid demand otherwise enforceable in this State. Nor do I construe the section to mean that a foreign corporation which has neither acquired nor held property in this State and which has transacted no business in this State must pay the fees incident to filing its charter or articles of incorporation in the office of the Secretary of

State before it can maintain in the courts of this State its legal rights acquired elsewhere.

I think the allegations of the seventeenth paragraph of the answer fails to allege sufficient facts to show that the complainant in the court below acquired the note and mortgage constituting the basis of the suit in violation of Section 4095, R. G. S., 6026 C. G. L., and that, therefore, the allegations of that paragraph of the answer constitute no defense to the suit and was properly stricken.

In regard to other questions presented, I concur in the opinion prepared by Mr. Justice DAVIS.

ELLIS, J. (dissenting).—I think the decree appealed from should be reversed. The appeal was from a final decree adjudicating the amount due upon a promissory note executed by J. I. Kellums in favor of Charles W. Rinehart for the sum of $2,725.00, dated July 11, 1924, payable five years after date and assigned by Rinehart to Inland Realty Corporation, a foreign corporation, and enforcing a mortgage lien upon certain lands located in St. Lucie County, executed by Kellums to secure the payment of the note.

F. G. McMullen and his wife were made defendants in the foreclosure proceeding and they took the appeal. In the answer which they interposed to the bill it was averred that McMullen acquired the title to the land by deed from J. I. Kellums, the mortgagor, in which it was agreed that McMullen did assume and agree to pay the note executed to Rinehart and secured by the mortgage; that Rinehart was indebted to McMullen in an amount greater than the debt to Rinehart from Kellums which McMullen had assumed to pay in acquiring the land and that such debt of Rinehart to McMullen the latter was entitled to offset against the debt which he had assumed to pay to Rinehart; that Rinehart assigned the note and mortgage to the complainant,

Inland Realty Corporation, after maturity; that the assignment was made by Rinehart to the complainant without consideration and for the purpose of avoiding his debt to McMullen, which latter could setoff against the debt evidenced by the note to Rinehart which McMullen had agreed to pay.

It was also averred that the complainant was a foreign corporation not authorized to do business in this State; that no consideration was paid for the note and mortgage and the complainant merely participated in the transaction to aid Rinehart to avoid his debt to McMullen and that Rinehart was at the time of the institution of the suit the true owner and holder of the mortgage.

This defense by McMullen, if it constituted a defense to the foreclosure proceedings, was upon motion of the complainant's solicitors stricken from the answer. The case then proceeded to the taking of evidence and the chancellor rendered the decree from which the appeal was taken.

Appellants contend that they should have been allowed their setoff against the debt as it was sought to be enforced by the complainant.

The note and mortgage were assigned by a written instrument executed by Rinehart to the complainant on April 9, 1930, nearly seven months after maturity of the note. The complainant is a foreign corporation not authorized to do business in Florida and whose charter purports to authorize it to acquire lands and property in Florida.

The order of the chancellor striking those portions of the answers interposed by Mr. and Mrs. McMullen was equivalent to holding that the facts averred therein constituted no defense because the motion to strike such portions of the answer admitted the facts averred.

While the setoff claimed by McMullen is said not to be

connected with nor to have grown out of the original transaction between Kellums and Rinehart and would not therefore constitute a valid defense in law if Kellum had acquired the claim from McMullen against . Rinehart, would not equity permit McMullen, who assumed the Kellum debt to Rinehart, to set off Rinehart's debt to McMullen if Rinehart had sought to enforce the line against McMullen who had acquired the title to the land? And if such a defense would be allowed to McMullen as against Rinehart would it not be available against the complainant, who is not only a holder in due course, according to the averments of the answer, but an instrument merely by which Rinehart seeks to avoid his debt to McMullen.

. A foreign corporation, not authorized to do business in Florida, not having complied with the requirements of the statute, Sections 6026, 6027, C. G. L., 1927, is utilized as an *alter ego* by the owner of the note and mortgage to enforce the lien upon property to the owner of which the real owner of the note owes ·a debt which he refuses to pay. It is a species of fraud which it seems to me a court of chancery will not countenance if upon no other ground than that the complainant does not come into court with clean hands. McMullen by assuming to pay the Kellums debt to Rinehart had assumed the obligation of a principal debtor to Rinehart. See Slottow v. Hull Inv. Co., 100 Fla. 244, 129 South. Rep. 577; Whitfield v. Webb, 100 Fla. 1619, 131 South. Rep. 786; Marler v. Parker, 101 Fla. 780, 135 South. Rep. 400; Berns v. Harrison, 100 Fla. 1105, 131 South. Rep. 654; Ackley v. Noggle, 97 Fla. 640, 121 South. Rep. 882; Proctor v. Hearne, 100 Fla. 1180, 131 South. Rep. 173; Brownson v. Hannah, 93 Fla. 223, 111 South. Rep. 731.

The principle of setoff in equity was a recognized doctrine before the statute made setoff available by law. Courts of

chancery sought to adjust in one suit all conflicting demands between the parties which were readily capable of such adjustment where from the relations and situations of the parties and from the nature of their mutual claims equity and justice seemed to require a complete and speedy settlement. Consequently the jurisdiction of equity is not based upon any statute of setoff and would exist as well without any such statutes as it now does and would not be in any sense affected by the repeal of those statutes. Courts of equity, however, in the main follow the same general rules as a court of law in respect to setoff except where there is some element in the situation which brings the case within the general jurisdiction of equity and justifies granting the relief beyond what a court of law would grant. 24 R. C. L. 804 and authorities cited; 34 Cyc. 636.

The elements which exist in this case and which would seem to commend themselves to equitable consideration are first, the existence of mutual credits between Rinehart and McMullen—the acknowledged debt of the latter to Rinehart and of Rinehart to McMullen—all liquidated in character; second, Rinehart's agreement with McMullen to extend the due day of the Kellums note after McMullen bought the land and agreed to pay the Kellums note to Rinehart (That averment was contained in the answer.); third, the title to the land being in McMullen who thereby became a necessary party to the foreclosure proceedings and who had expressly assumed the debt to Rinehart; fourth, the use by Rinehart of a foreign corporation not authorized to do business in this State as an agency to enforce the mortgage and debt which was his exclusive property and, fifth, the character of McMullen's claim against Rinehart being in the nature of an accounting for the misapplication by him of

funds intrusted to him by McMullen for a certain purpose but which Rinehart diverted to his own use.

Appellants also contend that the complainant is without standing in the courts of this State because it has refused to comply with the statute requiring it to file in the proper office a copy of its charter and receive a permit to transact business in the State and pay the charter fee required. Secs. 6026-6027, *supra.* Also Section 6029, C. G. L., 1927, which provides that no action shall be maintained or recovery had in the courts of this State by any such foreign corporation so long as it fails to comply with the provisions of "this Article."

The complainant was not a banking or trust company, therefore does not come within the exceptions covered by Section 6032, C. G. L., 1927.

In this case the corporation's right to bring an action in the courts of this State is specifically challenged; therefore, the cases of Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Ronnoc Grove Co. v. Coe-Mortimer Co., 83 Fla. 370, 91 South. Rep. 265, do not apply, as those cases hold that where the defense is not made it is waived, but they clearly intimate that the defense is a valid one when specially pleaded. In the Farrell case the bill expressly alleged that the corporation was authorized to do business in the State and the answer did not deny the allegation.

I think that as the point was specifically made in the answer it was properly pleaded and should not have been stricken.

For the above reasons I think the decree should be reversed.

DAVIS, J. (concurring in part with ELLIS, J.).—I concur in the view that the decree should be reversed for the reason that complainant was not shown to have become a

corporation qualified under the law to maintain the suit as against the objection raised by defendant's answer on this point. But I think the decree was free from error otherwise.