217 So.2d 595 (1969)
KAR PRODUCTS, INC., a Corporation, Appellant,
v.
Bert L. ACKER, Appellee.
No. L-27.
District Court of Appeal of Florida. First District.
January 21, 1969.
Albert S.C. Millar, Jr., Jacksonville, for appellant.
*596 Kurz, Toole, Taylor & Moseley, Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Appellant, plaintiff nonresident corporation in the trial court, seeks review by interlocutory appeal of an order staying further prosecution of the cause pending plaintiff's compliance with F.S. Chapter 613, F.S.A. The statute in question precludes a foreign corporation transacting business in Florida from maintaining any action in the courts of this state until it has complied with the provisions of the statute requiring it to register its charter or articles of incorporation with the Secretary of State and receive from him a permit to transact business in this state.
The complaint filed by appellant alleges that it is a nonresident corporation engaged in the sale and distribution of automotive parts for cars, trucks, and other vehicles; that prior to the institution of the action plaintiff entered into a written employment contract with defendant, a resident of Jacksonville, Florida, by which defendant agreed for a certain stated consideration to act as plaintiff's agent in a 19-county area of North Florida for the sale and distribution of plaintiff's manufactured products; that the contract contained a provision whereby defendant agreed that during the term thereof, and for two years following the termination of the agreement for any cause, he would not directly or indirectly engage in any business or employment which was in competition with plaintiff's business in the territory which defendant was employed to service. The complaint alleges that subsequent to defendant's resignation as plaintiff's agent, he went to work for a competitor engaged in the same business as plaintiff within the territory previously serviced by defendant, contrary to the noncompete provision of the employment contract; that plaintiff made demand upon defendant to cease and desist from engaging in business contrary to the covenant contained in the employment contract, which demand was rejected by defendant who continues to act in violation of the terms of their agreement. The complaint prays for a permanent injunction to be effective for a period of two years enjoining and restraining defendant from violating the noncompete provisions of the employment contract.
In response to the complaint defendant filed a motion to dismiss upon the ground that plaintiff has not qualified to do business in the State of Florida in accordance with requirements of law.[1] The evidence before the court fairly establishes that the business transacted by plaintiff involving the sale and distribution of automotive parts in the State of Florida is exclusively interstate in character. The order rendered by the trial court denying plaintiff's petition for rehearing found that despite the interstate character of plaintiff's business involving *597 the sale and distribution of its products, that plaintiff was nevertheless engaged in the transaction of business in Florida by the employment of defendant as its exclusive agent to solicit orders for the sale of its products in a large area of North Florida thereby rendering it amenable to the requirements of the statute. The trial court further found and concluded as a matter of law that the complaint filed herein seeking injunctive relief to restrain violation of a provision of an employment contract between plaintiff and defendant does not seek an adjudication of a right derived from the federal constitution or laws relating to interstate commerce. For these reasons the trial court held that the statute in question required compliance by plaintiff with its terms and provisions as a prerequisite to maintaining this suit.
It has long been an established principle of law recognized both by this and other states that a nonresident corporation has the right to demand and enforce payment by court action for goods sold in interstate commerce, and the imposition of unreasonable conditions on such right, such as the requirement that the nonresident creditor qualify to do business in the state as a prerequisite to maintaining an action in the courts of the state, operates as a burden and restraint upon interstate commerce and will not be permitted.[2] The fact that the nonresident corporation procures orders for the purchase of its products through the services of resident agents or representatives working within the state does not divest the corporation's business of its interstate character. It is our conclusion, therefore, that the part of the trial court's order which held that appellant was amenable to the requirements and proscriptions of the statute because it is engaged in the transaction of business in Florida was error.
Conceding that the interstate character of the business transacted by appellant in the State of Florida exempted it from compliance with the provisions of the statute under consideration, we move to the secondary consideration of whether this fact alone entitles appellant to utilize the courts of Florida for the maintenance of this suit upon the cause of action alleged in its complaint without first complying with the requirements of F.S. Chapter 613, F.S.A. In Blackshear Mfg. Co. v. Sorey[3] a nonresident corporation brought suit in the circuit court of Florida upon a promissory note given by defendant as evidence of the balance owed on a shipment of fertilizer purchased by defendant and sold by plaintiff in an interstate transaction. To the complaint defendant interposed the defense that plaintiff was a foreign corporation not authorized to do business in this state and for that reason was precluded from maintaining the action. In holding the defense to be an insufficient bar to the action, the Supreme Court said:
"The court erred in overruling the demurrer to the additional plea. The statute, which requires a foreign corporation to comply with certain requirements before it shall be authorized to transact business in this state, does not preclude a foreign corporation, which has not complied with the statute, from seeking the adjudication of its rights in the courts of this state, which it acquired under the federal Constitution or laws in interstate traffic."
From the foregoing decision it clearly appears that for a nonresident corporation to be permitted to maintain an action in the courts of this state without first qualifying to do business as required by F.S. Chapter 613, F.S.A., the corporation must first show that the only business it *598 transacts in Florida is exclusively of an interstate character, but also that the cause of action sued upon was acquired under the federal constitution or laws in interstate traffic. This brings us to the question whether the cause of action sued upon in the case sub judice seeking enforcement of the noncompete provisions of an employment contract between appellant and appellee is a right acquired by the appellant under the federal constitution or laws in interstate commerce.
It is our view that the critical question presented for decision is controlled by the case of Eli Lilly and Company v. Sav-On-Drugs, Inc.[4] In this case Eli Lilly, a nonresident corporation, brought suit in the state court of New Jersey by which it sought an injunction to restrain the defendant from selling the plaintiff's products in New Jersey at prices lower than those fixed in minimum retail price contracts entered into by plaintiff with a number of New Jersey drug retailers, all in violation of the fair trade law of New Jersey. The sale and distribution of pharmaceutical products by Lilly in the State of New Jersey were by transactions exclusively interstate in character. Defendant moved to dismiss the complaint under a state statute that denies a foreign corporation transacting business in the state the right to bring any action in New Jersey upon any contract made there unless and until it files with the New Jersey Secretary of State a copy of its charter together with a limited amount of information about its operations, and obtains from him a certificate authorizing it to do business in the state. The statute there considered is similar in all material respects with F.S. sections 613.01 and 613.04, F.S.A., with which we are concerned in the case sub judice. In affirming the judgments rendered by the state courts of New Jersey dismissing the action because of Lilly's failure to qualify to do business in the State of New Jersey as required by the statute of that state, the Supreme Court of the United States said:
"Lilly also contends that even if it is engaged in intrastate commerce in New Jersey and can by virtue of that fact be required to get a license to do business in that State, New Jersey cannot properly deny it access to the courts in this case because the suit is one arising out of the interstate aspects of its business. In this regard, Lilly relies upon such cases as International Textbook Co. v. Pigg, [217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678] holding that a State cannot condition the right of a foreign corporation to sue upon a contract for the interstate sale of goods. We do not think that those cases are applicable here, however, for the present suit is not of that kind. Here, Lilly is suing upon a contract entirely separable from any particular interstate sale and the power of the State is consequently not limited by cases involving such contracts."
From the foregoing it is obvious that the Supreme Court of the United States found the cause of action sued upon in Lilly did not arise as an incident to an interstate transaction protected by the commerce clause of the United States constitution, but involved the enforcement of a private right growing out of a contract or contracts entered into between Lilly and other drug distributors in New Jersey, by the terms of which the defendant was bound under the fair trade laws of that state. By the same token it is our conclusion, and we so hold, that the appellant in the case sub judice does not seek by its complaint the enforcement of any right incident to or growing out of an interstate transaction per se, but on the contrary seeks enforcement of a private right growing out of a contract of employment between it and the appellee resident of Jacksonville, Florida. Because of this, appellant's right to institute and maintain this action in the courts of Florida *599 without first complying with the mandatory provisions of F.S. Chapter 613, F.S.A., is not protected as an incident of interstate commerce under the constitution and laws of the United States. We therefore conclude that the trial court correctly stayed the further prosecution of this cause pending appellant's compliance with the statutory requirements discussed herein. The order appealed is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. section 613.01, F.S.A.

"Required to file charter and receive permit to transact business.  No foreign corporation shall transact business, or acquire, hold or dispose of property in this state until it shall have filed in the office of the secretary of state a duly authenticated copy of its charter or articles of incorporation, and shall have received from him a permit to transact business in this state; and any foreign corporation which shall violate the provisions of this section shall render itself, its officers and agents severally liable to the penalties and fines provided in § 613.11, but no violation of this chapter shall affect the title to property thus acquired, held or disposed of in violation of the provisions hereof."
F.S. section 613.04, F.S.A.
"Can not maintain action until provisions complied with.  The failure of any such foreign corporation to comply with the provisions of this chapter shall not affect the validity of any contract with such foreign corporation, but no action shall be maintained or recovery had in any of the courts of this state by any such corporation, or its successors or assigns, so long as such foreign corporation fails to comply with the provisions of this chapter."
[2] American Mercantile Co. v. Circular Advertising Co., 71 Fla. 522, 71 So. 607; Mergenthaler Linotype Co. v. Gore, 118 Fla. 889, 160 So. 481.
[3] Blackshear Mfg. Co. v. Sorey, 97 Fla. 437, 121 So. 103, 104.
[4] Eli Lilly and Company v. Sav-On-Drugs, Inc., 366 U.S. 276, 81 S.Ct. 1316, 1320, 6 L.Ed.2d 288.