PER CURIAM.
Plaintiff, Morgan Adhesive Company, Inc., an Ohio corporation, sued defendant (appellant) on a promissory note in the principal sum of $28,084.54 and alleged the balance due it was $27,365.70, together with interest. Service of process was upon one Al Wilson, President of the defendant corporation. A default was entered and defendant moved to vacate the default. The trial court did not vacate the default but gave defendant ten days within which to answer or plead reciting that if the answer or other pleading did not allege a valid defense to the promissory note then judgment “shall be entered on the default”.
Defendant thereafter timely filed a motion to dismiss the complaint asserting: (1) the plaintiff, a foreign corporation, did not receive a permit to transact business in Florida, pursuant to F.S. § 613.01, F.S.A.; (2) plaintiff cannot maintain an action in Florida due to its failure to comply with F.S. § 613.01, F.S.A. and F.S. § 613.04, F. S.A. In a supplemental motion to dismiss defendant added plaintiff was doing business in Florida although not licensed to do so. Attached thereto was a letter from the Secretary of State advising that plaintiff corporation was not registered in Florida.
The trial judge ruled defendant’s motion did not allege a valid defense to the promissory note and without allowing defendant the right to plead or proceed further, and without trial on the issue of damages, entered a final judgment for plaintiff. Defendant filed a motion for new trial and plaintiff filed another affidavit in support of the final judgment. The court denied defendant’s motion and thereafter, pursuant to court order, plaintiff filed the original promissory note with the court for the first time. Defendant has appealed from the final judgment.
The record shows only that a foreign corporation (plaintiff) sued the de *167 fendant (appellant) on a promissory note executed and delivered in Dade County, Florida. This does not establish that plaintiff was a foreign corporation doing business in Florida. See Odell v. Signer, Fla.App.1964, 169 So.2d 851. We, therefore, find defendant’s argument for reversal based on the theory of a foreign corporation doing business in Florida and failing to qualify under F.S. § 613.01, F.S.A. to be without merit. Foreign corporations may sue on notes executed and delivered in Florida without qualifying to do business here.
Plaintiff was seeking to recover damages less than the face amount of the note. Rule 1.500(e) R.C.P., 31 F.S.A., provides, in part:
í{C >¡í íjí ;{£ ‡ ‡
“ * * * If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.”
Ofi jji ‡ iji ‡
The trial court entered final judgment based on an “affidavit in support of motion for final judgment” which set forth dates, payments, credits to principal and interest, balance due and interest. The defendant never objected to this or filed any opposing affidavits. See Coons v. Harllee, Fla.1880, 17 Fla. 484; and Lord et al. v. F. M. Dowling Co., Fla.1906, 52 Fla. 313, 42 So. 585.
Under the authority of Stevenson v. Arnold, Fla.1971, 250 So.2d 270, we hold that the defendant was not entitled to any further notice. In Stevenson, the Supreme Court stated:
* * * * * *
“We * * * conclude that a defendant against whom a default judgment has been duly and regularly entered for failure to file pleadings, is not entitled to notice of trial in a suit seeking a money judgment for unliquidated damages except as may be determined by the trial judge to be required by F.R.C.P. Rule 1.500(e) 31 F.S.A.”
The final judgment herein appealed is
Affirmed.