McNULTY, Chief Judge.
Appellant sought to establish in this state a Tennessee final judgment obtained against appellees upon personal service in Tennessee. Since appellant was not a corporation authorized to transact business in the State of Florida within the contemplation of Chapter 613, F.S.1973, the trial court granted a motion to abate the action until compliance therewith in accordance with the provisions of that chapter. We reverse.
It is settled in this state that the mere filing and[1] maintenance of a law suit does not constitute “doing business” within the state within the purview of Chapter 613, supra, so as to preclude access to our courts, unless the suit or action is based upon a contract or obligation resulting from a transaction, other than an isolated one, in the state.[1] There is nothing in this case to suggest that the underlying cause of action in the Tennessee suit arose in Florida or that, if it did, it was more than an isolated transaction. In fact, to the contrary, it appears that appellant’s sole contact with the State of Florida is the suit itself which, in turn, was necessitated by the physical presence of appellees in Citrus County.
We think, therefore, Chapter 613, supra, is inapplicable. A contrary holding would either violate the commerce clause of the United States Constitution if the underlying cause of action were merely an isolated transaction or, in the case of a valid foreign judgment as here, contravene the full faith and credit clause thereof.
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.

. See Crockin v. Boston, Store of Ft. Myers (1939), 137 Fla. 853, 188 So. 853; McMullen v. Inland, Realty Corporation (1933), 113 Fla. 476, 152 So. 740 (Special Concurring Opinion reported in 156 So. 481); Al Wilson’s Power-Ful Displays, Inc. v. Morgan Adhesive, Inc. (Fla.App. 3d 1972), 259 So.2d 166.