393 So.2d 1207 (1980)
BATAVIA, LTD., Appellant,
v.
UNITED STATES of America, by and through Its Agency, the DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Appellee.
No. UU-468.
District Court of Appeal of Florida, First District.
December 31, 1980.
On Motion for Clarification February 13, 1981.
George Ralph Miller, DeFuniak Springs, for appellant.
Marika Lancaster, Tax Division, Dept. of Justice, M. Carr Ferguson and Russell Mather, Washington, D.C., for appellee.
LILES, WOODIE A., Associate Judge (Retired).
Appellant, Batavia, Ltd., a foreign corporation apparently registered in the *1208 Cayman Islands, seeks review by interlocutory appeal of an order staying further prosecution of its mortgage foreclosure action pending its compliance with Section 607.354(1), Florida Statutes.[1] Such an order staying the proceedings is not a specified appealable order under Rule 9.130, Florida Rules of Appellate Procedure. However, because appeal from an eventual final order would not necessarily provide Appellant with a complete and adequate remedy, we treat this appeal as a petition for writ of certiorari pursuant to Rule 9.040(c), Florida Rules of Appellate Procedure.
Appellant seeks to foreclose on a mortgage note and mortgage deed for certain real property executed by one Danny L. Wright, who has defaulted and has filed no response to Appellant's complaint nor otherwise appeared in the action. Because it has a federal tax lien against Wright which is inferior and subordinate to the mortgage being foreclosed upon, Appellee was joined as a party defendant. Appellant requested in its complaint that an accounting of the funds due from Wright be made and, if the amount due was not paid within time limits established by the court, that the property be sold to satisfy Appellant's claim; and, if the proceeds of the sale are insufficient to pay this claim, that a deficiency judgment be entered against Wright for the sum remaining unpaid, and that the estate of Wright and persons claiming under or against him since the filing of the notice of lis pendens be foreclosed.
In response to the complaint, Appellee filed a motion to dismiss it as a party defendant upon the ground that Appellant has not obtained the authority to transact business in this state. The trial judge did not dismiss Appellee as a party defendant but did stay the proceeding until Appellant has obtained authority to transact business in Florida.
Section 607.354(1), Florida Statutes, prohibits a foreign corporation from maintaining any action, suit, or proceeding in any court of this state until the corporation has obtained authority to transact business in this state. However, creating, as borrower or lender, or acquiring indebtedness, mortgages, or other security interests in real or personal property [Section 607.304(2)(g)] or securing or collecting debts or enforcing any rights in property securing the same [Section 607.304(2)(h)] are not considered to be transacting business in this state. We are therefore required for the first time to construe Section 607.304(2)(g) and (h), Florida Statutes. The express wording of the statute, obviously enacted for the purpose of attracting foreign corporate investments, specifically excludes from registration Batavia, Ltd., which is seeking to foreclose on a mortgage note and mortgage deed. An examination of Corporate Air Fleet of Tennessee, Inc. v. Ellis, 324 So.2d 719 (Fla. 2nd DCA 1975) and Al Wilson's Power-Ful Displays, Inc. v. Morgan Adhesive, Inc., 259 So.2d 166 (Fla. 3rd DCA 1972) reveals that the enactment of Section 607.304(2)(g) and (h) does what these cases already permitted, i.e., that foreign corporations may sue on notes executed and delivered in Florida without qualifying to do business in Florida. However, this complaint makes no allegation that this is the only type of business transacted by Batavia, Ltd., in Florida, thus entitling it to the benefits, if any, afforded under this statute. This shall be rectified upon remand.
Appellant takes the position that the trial judge could require nothing more than the filing of a law suit. Appellee relies on Kar Products, Inc. v. Acker, 217 So.2d 595 (Fla. 1st DCA 1969) to support the trial court's *1209 order requiring Appellant to register under Section 607.354(1), Florida Statutes. We disagree on both counts. Kar Products, a case decided prior to the enactment of Section 607.304(2)(g) and (h), stands for the proposition that, if the activity carried on by a foreign corporation is to be categorized as interstate commerce, it is excluded from registration. That court held that the activity there involved did not constitute interstate commerce and, thus, that foreign corporation's right to institute and maintain the action was not exempt from the registration requirements of Chapter 613, Florida Statutes.[2] We have no such factual situation here. Interstate commerce is not a factor, nor is this suit being maintained under the provision excluding interstate commerce, which is also excluded from registration. Section 607.304(2)(i), Florida Statutes.
Therefore, we hold that the trial judge cannot force Batavia, Ltd., to register as a foreign corporation in order to maintain this suit. However, we do not hold that the trial judge can make no further inquiry into Batavia, Ltd.'s activities as a foreign corporation. A trial judge has the inherent power to prevent abuse of its process and procedures, and we note that the trial judge here was concerned over the unusual nature of the corporation, an apparent Grand Cayman Island corporation. Nothing in Section 607.304, Florida Statutes, prohibits the trial judge from inquiring into the nature of Appellant's activities. Accordingly, the trial judge may require Batavia, Ltd., to provide such limited information as would alleviate his concerns short of registration.
REVERSED and REMANDED for proceedings not inconsistent with this opinion.
THOMPSON, J., concurs.
WENTWORTH, J., concurs and dissents with opinion.
WENTWORTH, Judge, concurring and dissenting.
I concur in the majority opinion except insofar as it requires Batavia, a foreign corporate plaintiff, to initially allege that it is not transacting business in Florida. Sections 607.304(2)(g) and (h), Florida Statutes, provide that Batavia's activities involved in the present action as stated by the complaint do not constitute "transacting business" in this state, and neither the record nor the pleadings suggest that this case involves more than an isolated transaction within the state. In these circumstances it is incumbent upon the defendant to put in issue the point that Batavia is otherwise transacting business in the state; absent such an initial defensive showing Batavia is not required by Chapter 607, Florida Statutes, to allege or prove a negative. See Al Wilson's Power-Ful Displays, Inc. v. Morgan Adhesive Inc., 259 So.2d 166 (Fla. 3d DCA 1972); see also McMullen v. Inland Realty Corp., 113 Fla. 476, 152 So. 740 (1933); Corporate Air Fleet of Tennessee v. Ellis, 324 So.2d 719 (Fla. 2d DCA 1975).
I agree with the majority that the trial court may prevent abuse of its process or procedures by requiring Batavia to provide information sufficient to alleviate the court's concern regarding the nature of the corporate entity.

ON MOTION FOR CLARIFICATION
LILES, WOODIE A. (Retired), Associate Judge.
On December 31, 1980, this Court entered its decision in the above-captioned case, reversing the decision of the Circuit Court of Walton County and remanding the cause for further proceedings. Paragraph two of the opinion states, in part, that:
Because it has a federal tax lien against Wright which is inferior and subordinate to the mortgage being foreclosed upon, Appellee was joined as a party defendant.
Appellee points out that this may be read to indicate an opinion on the merits of the case, which has yet to be tried. Accordingly, *1210 to eliminate any potential for confusion, we modify the above statement to read:
Because it has a federal tax lien against Wright, which was alleged to be inferior and subordinate to the mortgage being foreclosed upon, Appellee was joined as a party defendant.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] No foreign corporation transacting business in this state without authority to do so shall be permitted to maintain any action, suit, or proceeding in any court of this state until such corporation shall have obtained authority to transact business in this state. Nor shall any action, suit, or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim, or demand arising out of the transaction of business by such corporation in this state until authority to transact business in this state shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.
[2] The predecessor statute to Chapter 607, Florida Statutes.