HOBSON, Acting Chief Judge.
Direct Mail Specialist, Inc. (hereinafter “Direct Mail”), a Mississippi corporation, appeals an interlocutory order abating its breach of contract action against Terra Mar Group, Inc. (hereinafter “Terra Mar”), a Florida corporation doing business in Pinel-las County, Florida, as Hideaway Sands Resort (hereinafter “Resort”), a time-sharing condominium, and Hideaway Sands Resort, Inc. (hereinafter “Hideaway”), another Florida corporation, until Direct Mail complies with section 607.354(1), Florida Statutes (1981). This statute prohibits any foreign corporation transacting business in this state without authority to do so from maintaining any action, suit, or proceeding in any court of this state until such corporation obtains authority to transact business in this state. Although such an abatement order is not appealable under Florida Rule of Appellate Procedure 9.130(a)(3), we choose to treat the appeal as a petition for writ of certiorari under Florida Rule of Appellate Procedure 9.030(b)(2)(A). See Batavia, Ltd. v. United States, 393 So.2d 1207 (Fla. 1st DCA 1981). We grant the petition, reverse, and remand.
In June 1982 Direct Mail instituted an action in Pinellas County, Florida, alleging breach of a service agreement by Terra Mar and Hideaway. The complaint contended that Direct Mail had provided Terra Mar and Hideaway with a program of advertising and soliciting for the Resort pursuant to the agreement, but that Terra Mar and Hideaway had breached such agreement in March 1982 by failing to pay Direct Mail $23,875.04 for services rendered thereunder. After filing an answer and affirmative defenses, Terra Mar and Hideaway filed a motion to abate, asserting that Direct Mail was not registered to do business in Florida.
Direct Mail subsequently furnished the court below with an affidavit of its assistant general manager, William Dyle, which stated that Direct Mail was not registered to transact business in Florida because it did not do business in Florida. In support of this statement, the affidavit revealed that Terra Mar, doing business as the Resort, had entered into a service agreement with Direct Mail in November 1980.[1] Dyle had accepted the agreement on Direct Mail’s behalf at Direct Mail’s home office in Gautier, Mississippi, pursuant to a provision of the agreement which provided that “this agreement shall be binding upon approval in the home office at Gautier, Mississippi.” In compliance with the agreement, Direct Mail had used its mailing lists to send letters from Mississippi to potential Florida customers of the Resort, advising them of give-away programs in relation to condominium sales at the Resort and inviting them to place a toll-free telephone call to a Direct Mail agent in Omaha, Nebraska. If a prospect phoned the agent in Omaha, the agent would explain the condominium sales offer. If the prospect was still interested, the agent would schedule an appointment at the Resort for him. As a final service, Direct Mail had shipped gifts from a central warehouse in Mississippi to the Resort, where Resort personnel would give the mer *1029 chandise to the prospect after showing him the condominium during the scheduled appointment. Other than the affidavit, there was not any evidence introduced before the court regarding the business activities of Direct Mail.
After conducting a hearing on the motion to abate, the court rendered its nonfinal order abating the action until Direct Mail complied with section 607.354(1).
Section 607.354(1) must be read in light of section 607.304(2), which reads in pertinent part:
607.304 Admission of Foreign Corporation.—

(2) Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this act, by reason of carrying on in this state any one or more of the following activities:

(f) Soliciting or procuring orders, whether by mail or through employees, agents, or otherwise, when such orders require acceptance without this state before becoming binding contracts.

(i) Transacting any business in interstate commerce.

We agree with Direct Mail that the court erred in abating the action. First, the un-contradicted facts show that it is exempt from the section 607.354(1) registration requirement. It accepted the agreement out of state and its services thereunder (its letter advertisements, telephone solicitations, and merchandise shipments) transpired exclusively within the stream of interstate commerce. Terra Mar and Hideaway did not come forward with any evidence which demonstrates that Direct Mail transacts business in this state. Second, and equally important, Direct Mail’s action seeks enforcement of a right incident to these interstate transactions, which are protected by the commerce clause of the federal constitution. Compare, Eli Lilly & Co. v. Sav-on-Drugs, Inc., 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961) (contract action initiated in a New Jersey state court by a nonresident corporation involved enforcement of a private right arising out of contracts entered into by plaintiff in New Jersey; held, New Jersey court did not err in dismissing the action because of plaintiff’s failure to qualify to do business in New Jersey as required by New Jersey registration statute since 1] plaintiff was engaged in intrastate activities and 2] its action was based upon a contract entirely separable from any particular interstate transaction); Ear Products, Inc. v. Acker, 217 So.2d 595 (Fla. 1st DCA 1969) (action on an employment contract brought in a Florida state court by a nonresident corporation engaged exclusively in interstate sales sought redress of a private right against defendant, a Florida resident, growing out of a noncom-pete provision of the contract in question; held, the trial court did not err in deciding that plaintiff’s right to bring the action was barred absent compliance with Florida’s statutory registration requirement since its action was grounded upon an intrastate matter.)
Accordingly, we grant the petition for writ of certiorari, reverse the order abating the action, and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
CAMPBELL and SCHOONOVER, JJ., concur.

. Direct Mail’s complaint alleged that after it accepted the service agreement, but before the breach, Terra Mar incorporated the Resort as Hideaway.