**LAWSON PRODUCTS, INC., Plaintiff,**

v.

**TIFCO INDUSTRIES, INC., and Billy J. Sorrells, Defendants.**

**No. 8–6–1127–Civ–J–14.**

United States District Court,
M.D. Florida,
Jacksonville Division.

May 22, 1987.

Waddell A. Wallace & Joel B. Toomey, Jacksonville, Fla., Marvin Miller, Chicago, Ill., for plaintiff.

Tyne Boyer, Jacksonville, Fla., Jack Bailey & Michael McGann, Houston, Tex., for defendants.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

This case came on upon the Defendants' Motion To Dismiss, filed herein on January 16, 1987. Plaintiff's response in opposition was filed January 30, 1987. The Court heard oral argument on March 24, 1987.

Plaintiff Lawson Products, Inc. [hereinafter "Lawson"], a Georgia corporation, alleges in its Complaint that it entered into a Sales Agreement with defendant Billy J. Sorrells [hereinafter "Sorrells"], a Florida resident, for Sorrells to market Lawson's products in northeast Florida. The agreement contained a non-competition clause.[1] Lawson alleges that in 1986, Sorrells terminated his relationship with Lawson and began marketing the products of defendant Tifco Industries, Inc. [hereinafter "Tifco"],

a Texas corporation that competes with Lawson in northeast Florida. Lawson alleges this conduct constitutes a breach of contract by Sorrells, interference with advantageous business relationships by both defendants, and a conspiracy by both defendants to breach Sorrells's and others' fiduciary duty to Lawson. The Court's jurisdiction is based on diversity of citizenship.

Defendants seek to dismiss this action on the ground that Section 607.354, Florida Statutes (1985), referred to as Florida's "door closing" statute, bars this lawsuit. The statute provides, in pertinent part:

(1) No foreign corporation transacting business in this state without authority to do so shall be permitted to maintain any action, suit, or proceeding in any court of this state until such corporation shall have obtained authority to transact business in this state.

Section 607.354(1), Florida Statutes (1985).

It is well-settled that a state's door closing statute applies in a federal diversity suit. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 536–37, 69 S.Ct. 1235, 1236–37, 93 L.Ed. 1524 (1949); *McCollum Aviation, Inc. v. CIM Associates, Inc.*, 438 F.Supp. 245, 249 (S.D.Fla.1977).

Lawson acknowledges that it has not registered to transact business in Florida. It is Lawson's position, however, that its activities in Florida do not constitute "transacting business" within the meaning of the statute. The statute further provides, in pertinent part:

Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this act, by reason of carrying on in this state any one or more of the following activities:

---

1. The non-competition clause provides, in pertinent part:

(a) During the term of his Agency and for a period of Two (2) Years following termination thereof whether by himself or by COMPANY, for whatever reason and whether for cause or without cause, he shall not, directly or indirectly, for or on behalf of himself or any company or firm in which he has an interest or in which any member of his family has an interest, solicit orders from customers or sell products competitive to those sold by COMPANY to any customer that he solicited or sold on behalf of COMPANY during the last 12 months of his relationship with COMPANY.

(a) Maintaining or defending any action or suit or any administrative or arbitration proceeding or effecting the settlement thereof or the settlement of claims or disputes....

(e) Effecting sales through independent contractors.

(f) Soliciting or procuring orders, whether by mail or through employees, agents, or otherwise, when such orders require acceptance without this state before becoming binding contracts

....

(i) Transacting any business in interstate commerce....

Section 607.304(2), Florida Statutes (1985). Lawson maintains that its activities fall within subsections (e), (f), and (i) and it is, therefore, not required to register. Thus, section 607.354 does not bar this action.

The statute's language on its face supports Lawson's position. The Court finds that there is no dispute that the sale of Lawson's products in Florida fall within the exemptions to transacting business listed in the statute. The statute exempts these activities and provides that this list is not exclusive, indicating that there are other activities which also would not constitute transacting business. The statute does not, and could not as a practical matter, list all the activities which do constitute transacting business. The Court must look to case law to determine whether Lawson has engaged in an activity which constitutes transacting business in Florida and, thus, whether Lawson must register before it can maintain this suit.

The Court's analysis begins with *KAR Products, Inc. v. Acker*, 217 So.2d 595 (Fla. 1st DCA 1969) [hereinafter *"KAR"*]. *KAR* involved a foreign corporation which sold products in Florida seeking to enforce a non-competition clause in an employment contract with a Florida resident. The plaintiff was not qualified to do business in Florida. The court stated that the interstate character of plaintiff's business in Florida exempted it from complying with the registration requirement. *Id.* at 597. The court went on, however, to determine whether the foreign corporation could uti-lize Florida courts for the cause of action before it without registering. The court articulated a two-part test:

[T]he corporation must first show that the only business it transacts in Florida is exclusively of an interstate character, but also that the cause of action sued upon was acquired under the federal constitution or laws in interstate traffic.

*Id.* at 597–98. Relying on *Eli Lilly and Co. v. Sav-On-Drugs, Inc.*, 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961), the *KAR* court held that plaintiff's cause of action was based on a "private right growing out of a contract of employment" and not derived from any right incident to an interstate transaction. Thus, the court found that the door closing statute barred the action. *KAR*, 217 So.2d at 598–99.

Plaintiff asserts that the decision in *KAR* is inconsistent; while the court agreed that the foreign corporation was not required to register to do business in Florida, the court held that the foreign corporation was required to register before it could maintain the suit. In addition, plaintiff asserts that section 607.304, the amendment to the door closing statute enacted subsequent to *KAR*, overrules *KAR*. Section 607.-304(2)(a) specifically states that maintaining any action does not constitute transacting business. Case law reveals, however, that *KAR*'s test for determining whether the door closing statute applies is still good law. Moreover, case law has clarified the apparent inconsistency in *KAR*, interpreting *KAR* to stand for the proposition that the door closing statute cannot bar a suit based on a right incident to the laws of interstate commerce while the statute does prohibit a suit based on a non-interstate cause of action.

In *Batavia, Ltd. v. United States*, 393 So.2d 1207 (Fla. 1st DCA 1980), a foreign corporation brought a mortgage foreclosure action and claimed to be exempt from the registration requirement pursuant to section 607.304(2)(g) and (h). The court agreed, acknowledging that *KAR* "stands for the proposition, that if the activity carried on by a foreign corporation is to be categorized as interstate commerce, it is

excluded from registration." *Id.* at 1209. The court distinguished *KAR* factually, stating: "the activity there involved did not constitute interstate commerce and thus, that foreign corporation's right to institute and maintain the action was not exempt from the registration requirements...." *Id.*

In *Direct Mail Specialist v. Terra Mar Group*, 434 So.2d 1027 (Fla. 2d DCA 1983), the court held that a foreign corporation was not required to register before bringing a breach of contract action for failing to pay for services rendered thereunder. The court distinguished *KAR*, characterizing it as follows:

> action on an employment contract brought in a Florida state court by a nonresident corporation engaged exclusively in interstate sales sought redress of a private right against defendant, a Florida resident, growing out of a non-compete provision of the contract in question; *held,* the trial court did not err in deciding that plaintiff's right to bring the action was barred absent compliance with Florida's statutory registration requirement since its action was grounded upon an intrastate matter.

*Id.* at 1029.[2]

These cases indicate that *KAR* is still a viable application of Florida's door closing statute. Furthermore, the enactment of section 607.304 did not overrule *KAR*. Section 607.304 appears to be a codification of what the court realized in *KAR;* Florida cannot require foreign corporations to register before bringing an action if the corporation's activities in Florida are purely interstate and the suit is based on those interstate activities. While the language of section 607.304 appears to indicate that there are broad exemptions to the registration requirement, case law indicates that the exemptions are in fact very limited. The Court will apply the two-part test articulated in *KAR* to determine whether plaintiff must register before bringing this action.

There is no dispute that plaintiff satisfies the first prong of the *KAR* test. The issue is whether plaintiff's cause of action is derived from the laws in interstate traffic. In the present case, plaintiff's action is based on a non-competition clause in a sales agreement with a Florida resident. This agreement is not an employment contract *per se.* However, plaintiff's action is based upon a covenant not to compete in the sales agreement which is sufficiently similar to the non-competition clause in the employment contract in *KAR* to indicate that Florida courts would require plaintiff to register before it can maintain an action in Florida based on this agreement.

*Eli Lilly and Co. v. Sav-On-Drugs, Inc.,* 366 U.S. 276, 282–83, 81 S.Ct. 1316, 1320–21, 6 L.Ed.2d 288 (1961) set forth a test for determining whether the plaintiff's cause of action is derived from the laws in interstate commerce. The Supreme Court held that the state's licensing power was not restricted by the laws in interstate commerce because plaintiff was suing upon a contract "entirely separable from any particular interstate sale...." In the present case, plaintiff is suing upon a sales agreement with defendant Sorrells which does not involve any interstate sales by plaintiff. The present situation was contemplated by Justice Harlan, who stated in his concurring opinion:

> Were Lilly, for a distinct consideration, to enter into an arrangement with its New Jersey wholesalers to promote or solicit business within the State for their account, I would suppose it scarcely doubtful that such an endeavor would constitute a local incident subject to the State's licensing power, even though the ultimate purpose and effect of the arrangement itself were also to enhance Lilly's own interstate business.

*Id.* at 286, 81 S.Ct. at 1322 (Harlan, J., concurring.

The Court finds that plaintiff's action in the present case is not based upon rights

---

**2.** In addition to these Florida cases, a federal district court sitting in diversity relied upon *KAR* in *McCollum Aviation, Inc. v. CIM Associates, Inc.,* 438 F.Supp. 245 (S.D.Fla.1977).

While the *McCollum* court did not present the facts of the case before it, the court applied the two-part test articulated in *KAR.*

derived from the laws of interstate commerce. Plaintiff's instant action does not satisfy the second prong of the test articulated in *KAR* for determining whether plaintiff can maintain the suit without registering. The Court holds that plaintiff must register pursuant to section 607.354 before it can maintain this action in this Court. The Court will, therefore, grant the motion to dismiss.

Accordingly, it is

ORDERED:

1. That Defendants' Motion To Dismiss, filed herein on January 16, 1987, is hereby granted.

2. That the Clerk of the Court is hereby directed to enter judgment dismissing this case.