## CIRCUIT COURT OF THE CITY OF RICHMOND

Wachovia Mortgage Co.

v.

Vaughan

October 15, 1993

Case Nos. LW-1684–4 and LW-1686–4

BY JUDGE T. J. MARKOW

This matter is before the court on an appeal of an interlocutory order issued by the General District Court of the City of Richmond which denied appellant's motion to stay the proceedings in that court. Appellant had moved to stay the proceedings pursuant to Va. Code § 13.1–758(C), which provides that a court may stay a proceeding commenced by a foreign corporation which has transacted business in Virginia without having first obtained a certificate of authority to do business. This court heard arguments of the parties and took the matter under advisement.

Appellee, the plaintiff below, is a foreign corporation, which withdrew its certificate of authority to transact business in the Commonwealth in 1992. Appellee was the beneficiary under a deed of trust securing real property occupied by appellant, the defendant below. Upon default of the deed of trust, appellee purchased the property at a foreclosure sale on March 9, 1993. On March 24, 1993, appellee mailed to appellant a document entitled "Notice to Quit and Demand of Possession." Appellant represents that appellee, without possessing a certificate of authority to transact business, has mailed a "significant number of such notices" to persons occupying property in Virginia. (At

the hearing, appellee's counsel estimated that fifty such notices had been mailed in the past year; by letter to the court following the hearing. Appellee represents that only twenty-seven such notices have been mailed during this time period.) On April 7, 1993, appellee filed this unlawful detainer action in the general district court seeking possession of the property.

Appellant contends that appellee is not entitled to maintain the action below because appellee is a foreign corporation transacting business in Virginia without having first obtaining a certificate of authority. Specifically, appellant argues that by mailing notice to appellant demanding possession of the property, appellee transacted business in Virginia and thus should have had a certificate of authority to do business in Virginia. Appellant argues further that appellee's mailing of notice does not fall within the list of activities set forth in Va. Code § 13.1–757(B) that do not constitute transacting business for the purposes of the corporate qualification requirement. Therefore, appellant asserts, this action should be stayed until appellee obtains a certificate of authority to transact business in Virginia.

Va. Code § 13.1–757 provides in pertinent part: "[a] foreign corporation may not transact business in this Commonwealth until it obtains a certificate of authority from the [State Corporation] Commission." Va. Code § 13.1–758(A) further provides: "A foreign corporation transacting business in this Commonwealth without a certificate of authority may not maintain a proceeding in any court in this Commonwealth until it obtains a certificate of authority." In regard to foreign corporations, Va. Code § 13.1–757(B) provides a partial list of activities that do not constitute transacting business for purposes of corporate qualification. Among the activities that do not constitute transacting business in Virginia and thus do not require a foreign corporation to obtain a certificate of authority is "[s]ecuring or collecting debts or enforcing deeds of trust and security interests in property securing the debts." Va. Code § 13.1–757(B)(8).

The sole issue presented in this appeal is whether the appellee's mailing of the notice to quit and demanding possession of the property following foreclosure constitutes "transacting business" in Virginia so as to require a stay in the proceedings under the provisions of Va. Code § 13.1–758(A).

This court agrees with the district court that appellee's mailing of notice to quit does not constitute transacting business in Virginia, and

thus appellee need not have obtained a certificate of authority before maintaining this action. Appellee's mailing of the notice to quit is an activity that falls within the exception to transacting business set forth in Va. Code § 13.1–757(B)(8); namely, "[s]ecuring or collecting debts or enforcing deeds of trust and security interests in property securing the debts." The mailing of notice to quit is a part of the process by which a beneficiary enforces the deed of trust.

In the absence of controlling authority construing the exception to transacting business provided for in Va. Code § 13.1-757(B)(8) in the context of the particular circumstances of this case, this court looks to the purposes of the statute for guidance. The statute should be given a reasonable construction to effectuate its purposes. By exempting foreign corporations "[s]ecuring or collecting debts or enforcing deeds of trust and security interests in property securing the debts" from having to obtain certificates of authority, the statute seeks to encourage investment by foreign corporations as beneficiaries of deeds of trust on real property located in Virginia. In addition, encouraging deeds of trust to be sold to foreign corporations would tend to increase the number of potential beneficiaries of deeds of trusts in Virginia, thereby increasing competition among lenders and lowering the costs of borrowing. To hold that appellee is transacting business in attempting to gain possession of the property would frustrate the purposes of the statute. In this case, the loan was insured by the Department of Housing and Urban Development. For appellee to collect on its loss, it is required to obtain title and possession and convey both to the Department. It is an essential part of enforcing its security in this instance and therefore comes within the statutory exemption.

This court also finds persuasive the line of cases decided by courts outside of the Commonwealth construing similarly worded statutes which have held that foreign corporations seeking to foreclose on mortgages or repossess property following foreclosure are not transacting business and thus need not obtain certificates of authority before maintaining actions. *See e.g., Standard Federal Sav. & Loan v. Meins*, 415 N.W.2d 462 (Neb. 1987) (foreign corporation mortgagee in foreclosure action had not transacted business under statute exempting foreign corporations "securing, collecting, or servicing debts or enforcing any rights in property securing the same." Thus, foreign corporation mortgagee was not required to obtain certificate of authority before maintaining foreclosure action); *Gebrieder Heidemann, K.G. v.*

*A.M.R. Corp.*, 688 P.2d 1180 (Idaho 1984) (same); *Batavia, Ltd. v. United States*, 393 So. 2d 1207 (Fla. App. 1981) (same); *Homac Inc. v. Fort Wayne Mort. Co.*, 577 F. Supp. 1065 (N.D. Ga. 1983) (foreign corporation mortgagee which had already foreclosed on and brought action to repossess mobile home had not transacted business under statute exempting foreign corporations "securing or collecting debts or enforcing any rights in property securing the same," and, therefore, was not required to obtain certificate of authority to do business in order to maintain repossession action.); *Weaver v. O'Meara Motor Co.*, 452 P.2d 87 (Alaska 1969) (foreign corporation automobile dealer which had repossessed debtor's vehicles had not transacted business, and could maintain action without having to obtain certificate of authority).

For the foregoing reasons, the general district court's denial of appellant's motion to stay the proceedings below is affirmed.